## SANDERSON v. OLMSTED.

1. PRESUMPTION OF PAYMENT — STATUTE OF LIMITATIONS. — The statute, providing for the limitation of the time for bringing actions, does not repeal or abrogate the common-law presumption of payment from lapse of time. The statute was passed merely in aid of defenses to stale demands.

2. SAME—RESIDENCE WITHIN THE JURISDICTION.—It is not necessary that a defendant should have had a residence within the state for twenty years, in order to avail himself of the common-law presumption of payment, as a defense or bar to claims.made against him.

(1 *Chand.* 190.)

ERROR to the Circuit Court for *Milwaukee* County.

This was an action of assumpsit upon a promissory note. Plea—general issue.

The cause was tried and a verdict found for the defendant in error for the amount of the note in question.

The defense set up on the trial of the cause was, that the note in question was a stale demand, and that by the presumption of the common law it had been paid. To this was interposed the statutes of Wisconsin as to the limitation of actions, which, it was assumed, required a residence of the defend-

ant below, of twenty years in the state before suit in order to constitute a defense. No evidence was shown that the note was or was not paid, and the presumption of law was relied upon, that by lapse of time it was presumed to have been paid. The judge charged the jury in effect, that the note in this case being a witnessed note, would not be barred if sued in this state, unless the defendant had resided here for twenty years, the note having been executed out of the state, and not having resided here for that period of time; that the statute of this state overruled this common-law presumption of payment; and that in the absence of proof of payment it was the duty of the jury, in law, to find a verdict for the plaintiff below.

*A. D. Smith*, for the plaintiff in error, insisted that, after the lapse of twenty years, a note is presumed to have been paid; that although the statute of Wisconsin did not bar the suit, yet the common-law presumption of payment, arising from the staleness of the demand, was available as a defense, and should in this case prevail; and to this point reference was made to the Rev. Stat. 261; 2 Starkie on Ev. 682, 683; 1 Greenl. on Ev. 431; 5 Esp. 52; 7 Term, 270; 4 Wend. 91; that, by the current authorities, lapse of time raised a presumption of payment, which, if not repelled by proof, the jury should find the note paid, and render a verdict accordingly. 8 Pick. 187; 1 Dall. 85; 2 Cowen & Hill's Notes, 323–327.

*J. Downer*, on the part of the defendant in error, argued that no presumption of payment arose where there was a statute of limitations, and under which statute the demand was not barred (1 Dowl. & Ryl. 16; Cowper, 214); and that, so far had this doctrine been carried, when a period of time is excepted from the statute of limitations, thereby enlarging the time for barring the demand, it had been held that so much time as was thus excepted, must elapse in addition to the period of twenty years before payment would in law be presumed to have been made. 2 Cranch, 184; 10 Johns. 414;

16 id. 214 ; Cowen & Hill's Notes, 218, 219, and authorities there cited.

Stow, C. J.    This was an action of assumpsit, brought in the late district court of Milwaukee county by the defendant in error, on a promissory note.    The cause was tried at the last term of the Milwaukee county circuit court.    The facts in the case as presented in the bill of exceptions, and on which the decision depends are, that the note in question was made and became due in the state of New York, in 1817 ; that it was attested by a subscribing witness, and that the maker has resided within our jurisdiction since 1835.

It was conceded on the argument that the defendant below, having resided here less than twenty years, and this being an attested note, which is not barred by the statute in less than that time, the statute of limitations could not be pleaded to it. But it is contended by the defendant that, though the note is not barred by the statute, it is by the common law presumed to be paid, and that he is entitled to the benefit of this presumption under the general issue.    On the other hand, it is insisted by the plaintiff, the defendant in error, that our statute of limitations, having adopted the common-law period of presumed payment as the term beyond which an action on a bond, attested note, etc., shall not be prosecuted, has in effect done away the common-law rule on the subject.    This argument I understand to mean that, under the provisions of our statute, no lapse of time can avail the party as a defense, unless he pleads the statute in bar.    I do not so construe the statute.    It was undoubtedly passed to aid defenses to stale demands, and was not designed, as I conceive, otherwise to affect the rule of the common law than as furnishing the party an additional method of availing himself of it.    It then becomes necessary to inquire whether, to entitle a party to the protection of the common-law presumption of payment after twenty years, he must have resided for all that period within our jurisdiction.    This is a

Sanderson vs. Olmsted.

question of great importance, and not free from difficulty. It has been decided differently by different tribunals, and differently by the same tribunal at different times. The weight of precedent (for binding authority there is none) would seem to require the entire period to have been passed within the jurisdiction in which the action is brought. But here the question is an open one, and one which we are at liberty to settle as we deem most expedient for the purposes of justice ; and we think that public policy and private security alike will be best promoted by applying the salutary oblivion of the common law to all ancient demands, no matter where contracted, or where the parties have resided. No good reason is perceived why, while time's scythe is destroying in all regions alike the proofs of business transactions, his hour-glass should not in an equal extent record the period when those proofs become unnecessary. A different rule would be likely to be attended with great individual injustice and much public inconvenience. Once let it be known that the stale and outlawed demands of other states and countries were *prima facie* enforceable against our citizens until after a residence here of twenty years, all would be exposed to vexatious and harassing suits, and many to ruin ; while our courts would soon be flooded with prosecutions of musty claims which none of the tribunals of our sister states or of Europe would entertain. On the other hand, the rule we now establish can work no practical inconvenience or injustice. It does not bar an action, and at the outside only admits a presumption of payment, which presumption, in almost all cases where actual payment has not been made, can be easily repelled. Entertaining these views, I think the circuit court erred in not leaving the question of presumed payment to the jury, and that the judgment of the court below should be reversed.

Judgment reversed.