## WIER and others vs. SIMMONS and others.

*October 12 — October 31, 1882.*

DEED. *(1, 2) Condition subsequent or charge upon land?*
PARTIES. *(3) When cestui que trusts proper parties.*

| | |
|---|---|
| 55 | 637 |
| 82 | 399 |

| | |
|---|---|
| 55 | |
| 117 | 637 |
| | 439 |

1. Conditions subsequent which work a forfeiture are not favored in the law; and a provision in a deed or will which, as a part of the consideration, requires the payment of money to third persons by the grantee or devisee within a fixed time after the title and right of possession vest in him, will be construed to be merely a charge upon the land, unless a different intent is apparent, or, in case of a deed, the language is so clear as to leave no room for construction or doubt.

2. The complaint alleges that in a deed to F. R. for his life it was provided that upon his death the land should become the property of N. R. (son of F. R.), his heirs and assigns, such remainder being by said deed, however, made subject to, and being conveyed to said N. R. upon, the express condition that he or his heirs pay certain sums of money within five years after the death of F. R.; and tha the deed was duly recorded. *Held:*

   (1) The deed should be construed so as to vest the title in N. R. after the death of his fathe r, not subject to forfeiture, but subject to the payment of the money within the specified time.

   . (2) The sums of money so to be paid are, in equity, a charge or lien on the land; and all persons claiming title to the land under conveyances from N. R. and F. R. executed before such sums became due, hold the same subject to such lien.

3. In an action to subject trust property to sale for the payment of equitable liens thereon, all the lien holders or *cestui que trusts* are proper parties, and may join as plaintiffs.

APPEAL from the Circuit Court for *Iowa* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is an appeal from an order overruling a demurrer to the complaint. The principal ground of demurrer was that the complaint does not state facts sufficient to constitute a cause of action. The following is so much of the complaint as is necessary to the discussion of the questions arising upon the demurrer:

" ' 1st. That on the 5th day of July, 1862, one John Blotz

was the owner in fee-simple of the W. ½ of the N. E. ¼ of section No. seven (7), in township No. five (5) N., of range No. four (4) E. of the fourth principal meridian, in Iowa county, Wisconsin.

· " ' 2nd. That on said 5th day of July, 1862, the said John Blotz, for a valuable consideration to him then in hand paid, did, by a certain instrument in writing, duly executed and signed and sealed by said John Blotz, together with his wife Magdalena Blotz (who signed said instrument in writing for the purpose of conveying her inchoate dower interest in and to said premises), in the presence of two subscribing witnesses, and dated on said day, give, grant, bargain, sell, remise, release, alien, convey and confirm to one Frank Reichling the aforesaid lands and premises for and during the term of his, the said Frank Reichling's, natural life; and in and by such deed it was further provided that upon the death of the said Frank Reichling the same above described real estate, with the hereditaments and appurtenances, should, without any further act, deed, or thing, revert and become the property and estate of Nicholas Reichling (son of said Frank Reichling), his heirs and assigns, forever; such remainder or reversionary interest being by said instrument in writing, a deed of conveyance, however, made subject to, and was given and conveyed to said Nicholas Reichling upon, the express condition that the said Nicholas Reichling or his heirs should within five years after the death of said Frank Reichling pay to the brother and each of the four sisters of the said Nicholas Reichling the sum of $114 each; that such deed of conveyance was by said John Blotz and his wife duly acknowledged before an officer qualified in law to take such acknowledgment, so as to entitle it to be received of record, and was on said 5th day of July, 1862, duly delivered to said Frank Reichling; and that on the 7th day of July, 1862, at 11 o'clock A. M., said deed was received for record, and was at said time duly recorded in the office of the reg-

ister of deeds of Iowa county, Wisconsin, volume 8 of deeds, on page 421.

"'3d. That on the 16th day of December, 1875, the said Frank Reichling died, and that thereupon the said Nicholas Reichling entered upon and took possession of said above described premises, under and by virtue of said deed of conveyance.

"'4th. That these plaintiffs, *Mary Wier*, *Magdalena Reichling* and *Kate Meyer*, together with Elizabeth Beckius and Peter Reichling, are the four sisters and brother of the said Nicholas Reichling mentioned in the aforesaid deed, and are the persons to whom said sums of money of $114 each was to be paid according to the terms and conditions of said deed.

"'5th. Plaintiffs show, upon information and belief, that said Nicholas Reichling has paid the said Peter Reichling and Elizabeth Beckius the amounts they were to receive under and by virtue of the terms of said deed of conveyance, and has fully settled with them therefor.'

"The remaining allegations of the complaint show that Nicholas has not paid to either of the plaintiffs the $114 claimed by them under the provisions of the deed set out in the complaint; that said Nicholas Reichling executed a mortgage on the lands described in the deed to secure the payment of $100 to one Henry Beckius, and that said Frank Reichling in his lifetime, jointly with said Nicholas Reichling, executed another mortgage on said premises to one Henry Koop to secure the payment of $800; that both of said mortgages were afterwards assigned to one William T. Henry, and that said Henry afterwards, and on the 13th of August, 1879, commenced an action to foreclose both of said mortgages, in which action Nicholas Reichling was made a defendant, and that neither of the plaintiffs in this action were made defendants in said action; that upon the judgment in said foreclosure action said premises were, on the 9th day of December, 1880, sold to the said William T. Henry,

and a deed executed to him therefor; that said sale was duly confirmed on the 14th day of December, 1880, and that afterwards, on the 22d day of April, 1881, the said Henry conveyed a part of said premises in severalty to the defendant *John Simmons,* by deed bearing that date, and the remainder of the premises to the defendants *Samuel Martin* and *John Martin;* that said defendants now own and hold the title to said premises, and that their rights and interests are no greater than those of the said Nicholas Reichling. The complaint then alleges that after the expiration of five years from the death of Frank Reichling, and before the commencement of this action, the plaintiffs and each of them demanded of and from said defendants, who then owned said premises, that they pay to each of said plaintiffs their respective interests in said premises under said deed of conveyance from said John Blotz, and that they refused to pay the same or any part thereof. It also alleges that said Nicholas Reichling is now, and ever since the 16th day of December, 1880, has been, totally insolvent. The complaint demands judgment that the amount due to each of the plaintiffs by virtue of said deed of conveyance be declared a lien and charge upon said premises, and that said premises be sold under the direction of the court, and after the payment of the costs of the action the proceeds of such sale be applied to the payment of the said several sums due to the plaintiffs respectively, or for such other judgment or relief in the premises as the circumstances of the case may require."

For the appellants there was a brief by *P. A. Orton* and *Henry & Smith,* and oral argument by *Mr. Orton.* They argued, among other things, that if Blotz received full payment for the land, and the peculiarities of the deed are explained as an attempt on the part of Frank Reichling to make a testamentary disposition of the land, the appellants, claiming under a mortgage executed by both Frank and Nicholas Reichling presumably to secure Frank's debt or the

joint debt of Frank and Nicholas, have a legal and equitable claim, superior to that of the plaintiffs who must be treated as devisees or legatees.

For the respondents there was a brief by *Briggs & Jenks,* and oral argument by *Mr. Jenks.*

TAYLOR, J. The important question to be determined on this appeal is whether, by the terms of the deed from Blotz to Frank Reichling, set out in the complaint, Nicholas Reichling took the title in fee to the lands described in said deed after the death of said Frank Reichling, charged with the payment of $114 to his brother and to each of his sisters within five years after the death of his father, Frank Reichling, or whether he took the estate subject to forfeiture in case he refused to pay said several sums to his brother and sisters within the time fixed. On the part of the learned counsel for the appellant it is insisted that the deed clearly vested the title in Nicholas, subject to forfeiture for the non-performance of a condition subsequent, viz., the failure to pay the brother and sisters each the sum of $114 within five years from the death of his father; that the provision in the deed is strictly a condition subsequent, and cannot be construed into a provision to charge the estate in his hands with the payment of said sums. It was therefore optional with him whether he would perform the condition subsequent, and thereby perfect his title, or whether he would refuse or neglect to perform it, and thereby forfeit his estate therein. Whether a provision in a deed or will, which, as a part of the consideration, requires the payment of money to third persons by the grantee or devisee therein, within a fixed time after the title and right of possession vest in him, will be construed to be a charge upon the land, or whether it will be construed to be a condition subsequent, depends upon the intent of the parties to the conveyance, or of the testator in the case of a devise, and it will always be construed to make

a charge upon the premises, unless a different intent is clearly apparent, or in the case of a deed the language is so clear as to leave no room for construction or doubt.

The complaint in this case would have been more satisfactory if it had fully disclosed the nature of the transaction between the original grantor, Blotz, and the father, Frank Reichling. If by proper allegations it had been clearly shown that Blotz received a full consideration for the land from Frank Reichling, that Blotz was a stranger to the Reichlings, and that the extraordinary provisions of his conveyance were dictated by Frank Reichling alone, for his benefit and the benefit of his children, it seems to us very clear that the provisions referred to would not be construed into a condition subsequent, by the non-performance of which the title would revest in the grantor, Blotz. Such a construction would be against the intent of Blotz, who clearly intended to divest himself of his entire estate, absolutely and without any condition; and it would also be clear that the provision was not inserted for the benefit of Frank Reichling, the father, to forfeit the estate in his favor, because the condition could not be broken and the forfeiture take place until five years after his death. In that view of the case it would be very certain that the condition or provision was made solely for the benefit of the brother and sisters of the second grantee, Nicholas Reichling, and that the payment of the sums mentioned to the brother and sisters of Nicholas was required by the father as a part of the consideration to be paid by Nicholas for the estate, which was made to vest in him at the death of the father, and that such payments were to be made by Nicholas in case he accepted the estate. We think, notwithstanding the want of any express allegations of the complaint showing the exact nature of the transaction between Blotz and Frank Reichling, that we are at liberty to construe the complaint as showing that Blotz intended to and did divest him-

self of all present and future right to said lands, and that the provision for the payment of $114 to the brother and each of the sisters of Nicholas was inserted therein at the suggestion of the said Frank Reichling, for the benefit of such brother and sisters. In that view of the case, for the purpose of giving effect to the intent of the parties, and to prevent a forfeiture, we ought to construe the words "upon the express condition," etc., to mean subject, however, to the payment by the said Nicholas Reichling of $114 to his brother and to each of his four sisters within five years after the death of his father, Frank Reichling. Such construction, we are very clear, will effectuate the intention of the parties without doing violence to the language of the deed itself.

The rule is well settled that conditions subsequent which work a forfeiture of the estate are not favored in the law, and no language will be construed into such a condition contrary to the intent of the parties when such intent can be derived from a consideration of the whole instrument, or from the circumstances attending the execution thereof; nor will the language used be construed into such a condition subsequent, when any other reasonable construction can be given to it. The rule was forcibly stated by the late chief justice in the case of *Lawe v. Hyde*, 39 Wis., 345–356, and the rule there announced is approved in the cases: *Lyman v. Babcock*, 40 Wis., 503; *Morse v. Ins. Co.*, 30 Wis., 534; *Jackson v. Silvernail*, 15 Johns., 278; *Hadley v. Hadley*, 4 Gray, 140; *Osgood v. Abbott*, 58 Me., 74; *Merrifield v. Cobleigh*, 4 Cush., 178. Having reached the conclusion that the deed should be construed so as to vest the title of the real estate therein described in Nicholas Reichling after the death of his father, not subject to forfeiture, but subject to the payment of said sum of $114 to his brother and to each of his sisters within five years after the death of the father, the only other question to be determined is whether, so construed, the several sums

so secured to the brother and sisters are a charge or lien upon the lands conveyed. That they are a lien and charge upon the lands which can be enforced in equity, we think is well settled, both upon principle and authority. This court held in the case of *Powers v. Powers*, 28 Wis., 659, that "a will which, after devising certain lands to E. P., added, 'and it is also understood that the said E. P. is to pay or cause to be paid to O. P. within one year the sum of $200,'" created a charge upon the land so devised for the payment of the $200; and the devisee having accepted the land under the will, he held it in trust for O. P. to the extent of the $200, and that the proper circuit court had jurisdiction to enforce the trust by a sale of the land for the payment of the same, with interest. The decision in that case is supported by a long list of authorities, among which are the following: *Harris v. Fly*, 7 Paige, 421; *Clyde v. Simpson*, 4 Ohio St., 445; *Nellons v. Truax*, 6 Ohio St., 97; *Hill v. Huston*, 15 Grat., 350; *Bugbee v. Sargent*, 23 Me., 269; *Kightley v. Kightley*, 2 Ves. Jr., 331; *Lupton v. Lupton*, 2 Johns. Ch., 623; *Rogers v. Ross*, 4 Johns. Ch., 404; *Kelsey v. Deyo*, 3 Cow., 133; *Luckett v. White*, 10 Gill & J., 480; 3 Jarman on Wills (5th Am. ed.), 402–3, and notes.

It is true that in all the cases above cited the question arose upon the construction of the provisions of wills, but we see no reason why the same construction should not be given to a conveyance made to a grantee who paid the consideration for the whole estate, and which by his direction is made to vest an estate in his son after his death, subject to the payment of certain specified sums to another son and his four daughters. The court in all cases endeavors to give effect to the intent of the parties to the conveyance, no matter what its form or nature; and it seems to us very clear that it was the intent in this case that Nicholas Reichling should have the estate after the death of his father, subject only to the payment of $114 to the brother and to each of the four sis-

ters, and that such payments were in the nature of a consideration to be paid by him for the estate granted. The allegations of the complaint show that Nicholas so understood the grant, for he paid two of the beneficiaries after he accepted the grant and took possession thereof. In equity there is a lien upon the estate conveyed for the consideration money. The defendants took the estate with notice of the lien or charge. It was made apparent upon the face of the recorded deed of their grantor, and as the mortgages under which they claim title were given long before the money became due and payable, they took the risk of the payment by their grantor when it became due, and took the estate subject to the lien and charge if their grantor failed to pay the same.

In the view we have taken of the case, the original grantor, Blotz, had no interest in the controversy, having divested himself of all interest in the property by his deed to Frank Reichling. This being an equitable action for the purpose of subjecting trust property to sale for the payment of equitable liens thereon, all the lien holders or *cestui que trusts* are proper parties to the action and may join as plaintiffs; and this is especially so where all their liens are based upon the same contract and grew out of the same transaction.

*By the Court.*— The order of the circuit court overruling the demurrer is affirmed.