See note to this case in 16 L. R. A. 512.— REP.

WILLIAMS and others, Respondents, vs. WILLIAMS, Intervener, Appellant.

*May 7 — May 24, 1892.*

*Partition of land: Payment of liens: Trial by jury: Advisory verdict: Erroneous instruction: Reversal of judgment: Legacy charged upon land: Statute of limitations: Presumption of payment.*

1. Under sec. 3129, R. S. (providing that in an action for partition, upon an application by a creditor having a lien upon the land for payment, "if any question of fact shall arise, which, in the opinion of the court, cannot be satisfactorily determined without a trial by jury, the court shall direct an issue to be made, *which shall be*

82   393
96   430
82      393
116    3]73
j116   3190
116    3327
61 LRA 927
61 LRA 932
82      393
117    3439
e117
o117    3443
3444

*tried as in other cases.*" etc.), the verdict of the jury is not conclusive but merely advisory.

2. In such a case the issue tried by the jury was as to whether a legacy which was a charge upon the land had been paid. The evidence was conflicting. The court erroneously instructed the jury that a presumption of payment had been raised by the lapse of more than twenty years. The jury found that the legacy had been paid, and the court thereupon also found that to be the fact and rendered judgment accordingly. *Held* that, although the verdict was merely advisory, the error in the instruction was material and fatal to the judgment.

3. In a proceeding to enforce payment of a legacy as a lien upon land devised subject to its payment, where there has been no denial or repudiation of the trust, the statute of limitations has no application, nor does the lapse of time raise any presumption of payment.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion.

For the appellant there was a brief by *D. S. Tullar*, and oral argument by *Mr. Tullar* and *Mr. E. Merton*.

For the respondents there was a brief by *D. H. Sumner* and *P. H. Carney*, and oral argument by *Mr. Sumner*. As to the presumption of payment raised by the lapse of more than twenty years, they cited 2 Perry, Trusts, 127, sec. 556; *Sanderson v. Olmsted*, 2 Pin. 224; *Arden v. Arden*, 1 Johns. Ch. 313; *Bean v. Tonnele*, 94 N. Y. 381; *Loder v. Hatfield*, 71 id. 92; *Am. Bible Soc. v. Hebard*, 51 Barb. 552; *Smith v. Remington*, 42 id. 75; *Clark v. Ford*, 34 How. Pr. 478; *Macauley v. Palmer*, 6 N. Y. Supp. 402; *Lyon v. Adde*, 63 Barb. 89.

ORTON, J.  *George Williams* commenced suit against *Charles Williams* for a partition of certain lands in Waukesha county, devised to them jointly during their joint lives and, after the death of one, to the survivor and his heirs in fee, by their father, John Williams, by his will dated the 17th day of January, 1860. By said will there was given to the appellant, *John H. Williams*, a brother of

the said *George* and *Charles Williams*, tne respondents, a legacy of $600. The said lands were by said will first devised to Mary Williams, the wife of said testator, for life, and on her death as above. Both of said devises were subject to the payment of legacies, and thereby said legacy to the appellant became a charge upon said lands. The appellant intervened in said suit for partition to enforce the charge or lien upon said lands of his said legacy. The respondents answered his petition for such purpose, alleging the payment of said legacy by their mother, the said Mary Williams, as executrix of said will. This was the issue to be tried.

The court called a jury to find upon said issue of payment as advisory to the court, and submitted to the jury the following question: "Has the legacy of $600, referred to in the testimony, ever been paid to *John H. Williams*, the legatee?" The jury answered said question in the affirmative. Whereupon the court also found that it had been paid before the commencement of the action, and rendered judgment in favor of the respondents and against the appellant, the said intervener. From that judgment this appeal is taken.

Soon after the will was made the testator, John Williams, died, and said will was admitted to probate December 3, 1860, and Mary Williams, his widow, became executrix and also entered into the possession and enjoyment of said land. There was personal estate in her hands of the value of $2,293.89, and no debts to be paid, and, if this and other legacies were not paid, the estate may have so remained until her death on the 27th day of December, 1884. The said *Charles Williams*, one of said respondents, became administrator of the estate with the will annexed, on the 13th day of June, 1885. The said appellant became of age in about ten days after the death of his father, and might at any time have taken measures to obtain the payment of

said legacy, but neglected to do so until his intervention in this suit in January, 1890, after the lapse of nearly thirty years. There was some testimony tending to prove that the legacy was paid by the appellant's mother while she was in possession of the land and executrix. The said *Charles Williams* testified that in 1867 the appellant said the legacy had been paid. This was said in answer to the question, "Why did you not sue the mother for the legacy also, when you sued her for your wages on the farm?" That suit was for wages only. Mrs. Jones, the sister of the appellant, testified that the next winter after their father's death she saw her mother pay the appellant quite a sum of money in bills. The appellant testified that after his suit against her for his wages, in 1867, he never saw his mother. He left her to seek a new home in the west; and he must have needed money, or he would not have sued his mother for his wages. Why did he not also claim his legacy, if it had not been paid? The appellant denies the above evidence, and testified that the legacy had never been paid.

It is assigned as error, *first* that the court denied the appellant a jury trial of the issues, and *third* that the court submitted the case to the jury for an *advisory* verdict.

The statute (sec. 3129, R. S.) provides that the court may direct an issue to be made of any fact in such a case, "which shall be tried [by the jury] as in other cases," "if in his opinion it cannot be determined satisfactorily without a trial by jury." This language does not imply that the verdict shall have the same effect as in other jury cases. It is to be *tried* as in other cases; that is, that they shall be sworn and hear the evidence, and deliberate on their verdict, and render it as in other cases. It is the opinion of the court that a certain question of fact in the case cannot be satisfactorily determined without a trial by jury. It is a question of fact primarily to be determined by the court, but it

is the opinion of the court that it could more satisfactorily determine it by the aid of a jury,— satisfactorily to the court, not to the parties. That is the obvious meaning of the language. It is a single question of fact, like a feigned issue in chancery. Partition suits are to be tried by the court and not by a jury; but the court may, for its own satisfaction, direct a single issue to be tried by a jury as a jury tries an issue in other cases. If such a verdict on a single issue of fact should be conclusive, it might determine the whole case and thus deprive the court of the power to try the suit. But it would make no difference in this case whether the verdict is conclusive or merely advisory, for there is but one issue to be tried, and that is whether the legacy had been paid. The jury found that it had been paid, and the court adopted the verdict as its own finding, and rendered judgment on it. The claimant had the full benefit of a jury trial on the whole case. But, as a matter of law, I know of no strictly court case in which the law authorizes the court to make a special issue, or present a single question of fact to be tried by a jury, where the verdict would be conclusive upon the court. *Jackman Will Case*, 26 Wis. 104; *Chafin Will Case*, 32 Wis. 557; *Owen's Appeal*, 37 Wis. 68; *Will of Meurer*, 44 Wis. 392; *Will of Carroll*, 50 Wis. 437.

The case cited in the brief of the appellant, of *Janesville Cotton Mfg. Co. v. Ford*, 55 Wis. 197, does not conflict with the above holding or the above cases. The language of the statute involved in that case is: " Any issue of fact in such action may be tried by a jury, *with like effect* as in other cases." Sec. 3152, R. S. This court very properly held that this language gave the verdict the same effect as at common law. This statute makes every issue of fact triable by a jury, and the other only an issue of fact that the court may direct to be made for jury trial. The language, to be " tried *with like effect* as in other cases," and to be " *tried* as in other cases," is materially different.

We shall be compelled to hold that the court erred in instructing the jury, if an erroneous instruction to a jury whose verdict is not conclusive upon the issue, and only advisory to the court, is a material error. (1) The verdict is intended to have at least some effect. It has the effect to advise, instruct, or aid the court to make a correct finding upon the issue. (2) If the court makes the same finding of fact as the jury, it will be presumed to have done so, to some extent at least, in consequence of the verdict, and also because it takes the same view of both the testimony and the law that influenced the jury to find its verdict. It follows, therefore, that an erroneous instruction to the jury of the law applicable to the issue is material and affected the judgment. We may conclude, further, that the court in making its finding gave effect to and was governed by the same principles of law as in the instructions to the jury. If the jury was influenced by the erroneous instruction of the law to find its verdict, it may be presumed that the court was also influenced by the same law to make its finding the same as the verdict. This makes the instruction doubly material and fatal to the judgment.

The instruction to the jury, claimed to be erroneous, is, in effect, " that they might take into consideration the presumption of law that after the lapse of twenty years the claim has been paid." It has been intimated that the legacy of the appellant might have been paid out of the personal estate. It may be intimated, further, that the devisees of the land, having entered into the enjoyment of it subject to the payment of the appellant's legacy, became personally liable to pay it and to an action at law to recover it, as in *Loder v. Hatfield*, 71 N. Y. 92. But this proceeding of the appellant is to enforce the payment of his legacy as a lien and charge upon the land devised to the respondents in trust for its payment. The appellant is proceeding against the respondents as trustees, to enforce

the trust and payment of his legacy out of the land, as in *Powers v. Powers*, 28 Wis. 659; *Severin v. Rueckerick*, 62 Wis. 1; *Barker v. Barker*, 14 Wis. 131; *Wier v. Simmons*, 55 Wis. 637; and *Bostwick v. Estate of Dickson*, 65 Wis. 593. In this last case it is held that the statute of limitations does not apply to such cases of trust; and this is the settled law. The learned counsel of the appellant contends that, this being a suit to enforce a trust to which the statute of limitations cannot be pleaded, neither can lapse of time nor long delay before such suit is brought raise any presumption that may affect his right to recover, as a rule of evidence or otherwise.

The statute of limitations has no application where there has been no denial or repudiation of the trust. *Bostwick v. Estate of Dickson*, 65 Wis. 593; *Sheldon v. Sheldon*, 3 Wis. 699; *Howell v. Howell*, 15 Wis. 55; *Spear v. Evans*, 51 Wis. 42; 2 Perry, Trusts, § 863, and note. Presumption of payment of a legacy as a trust in lands, after twenty years' delay of enforcing it, would generally defeat the action as effectually as the statute of limitations would bar it. It would impose upon the legatee the burden of proving a negative,— that the legacy had not been paid,— to rebut the presumption, and in most cases he would have no testimony except his own. The same reasons why the statute will not apply would seem to repel such a presumption of payment. Trusts in land never become *stale* claims, and the evidence is not perishable. "A trustee cannot be presumed to hold adversely to his *cestui que trust*. On the contrary, he is presumed to hold for his *cestui que trust* until the contrary appears." 2 Perry, Trusts, § 866; *Harmood v. Oglander*, 6 Ves. 199; *Whiting v. Whiting*, 4 Gray, 236. "Where a *cestui que trust* seeks an account from an express trustee, there is no limitation of time, as the statute of limitations does not apply." 2 Perry, Trusts, § 871; *Mathew v. Brise*, 14 Beav. 341. "Neither lapse of time, nor any defense

analogous to the statute of limitations, can be set up by the trustee of an express trust as a defense to his ability to execute the trust." *Preston v. Walsh*, 10 Fed. Rep. 325. "It is a general rule that neither lapse of time, nor the rule of analogy, nor any defense analogous to the statute of limitations can be set up by a trustee of an express trust." *Bradley v. Cole*, 67 Iowa, 650.

There may be money demands or accounts or complicated settlements connected with trusts, to which the statute of limitations even will apply, and presumption of payment from lapse of time. But I am unable to find any case where such a presumption obtains in reference to an express trust in lands, like the present. It would be supposed that trust in and long indulgence of a trustee of such a trust would make him the more willing to pay and discharge the trust rather than to set up such indulgence as a presumption of payment. The *cestui que trust* might be willing to let his money remain secured by the land in trust, rather than enforce his lien. Such trusts are generally between members of the same family, where delay would be the natural tendency. In short, whatever reasons have established the principle that the statute of limitations will not apply to such a case are adverse to such a presumption of payment.

As to all ordinary demands for the payment of money, there is a presumption of payment after twenty years. *Sanderson v. Olmsted*, 2 Pin. 224. If the appellant had sued the trustees at law for his legacy, then the statute of limitations and such a presumption might both prevail, as in other cases of claims for money. Such are the cases cited by the learned counsel of the respondents. *Henderson v. Atkins*, 28 Law J. (Ch.), 913, cited as being in point, was not a trust in lands, but the legacy was payable out of the personal estate, which the executor consumed and was liable to pay the legacy as a personal obligation. The pre-

sumption of payment after twenty years was not applied, but the statute of limitations. There are none of the cases cited for the enforcement of a trust in lands.

From the examination we have been able to make of the question, we are compelled to hold, although with some hesitation, that the instruction was erroneous in this case. The other evidence of payment was not so conclusive but that the jury must have been influenced by this instruction to find a verdict that the legacy had been paid. We might not consider this error material if the evidence of payment, unaided by this presumption, was conclusive. But the evidence is conflicting. The appellant denied that he ever admitted that the legacy had been paid, so that there was really no undisputed evidence, except the mere fact that the appellant sued his mother for his wages on the farm and did not sue her for his legacy at the same time, and that the mother at one time paid him money. We must hold, therefore, that the error is fatal to the judgment.

The other pretended errors may not occur on another trial. The questions disposed of are more troublesome than important, but they may have made this opinion of unreasonable length.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.