LEWIS BENEDICT ET AL., APPELLEES, V. EDNA L. MINTON ET AL., APPELLANTS.

FILED MARCH 20, 1909. No. 15,615.

Specific Performance: PLEADING: SUFFICIENCY. Plaintiffs requested specific performance of a contract. Defendants admitted the execution of said contract, but not all of the facts essential to entitle plaintiffs to a decree. Defendants also pleaded facts which, if true, constituted a defense to the petition. *Held,* That the district court erred in sustaining a general demurrer to said answer.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Reversed.*

*Starr & Reeder,* for appellants.

*J. A. Williams, contra.*

ROOT, J.

Plaintiffs alleged that on December 11, 1905, plaintiff Benedict owned in fee simple certain lands, and on said day, without consideration, signed, acknowledged and delivered to defendant Edna Minton a deed conveying said real estate to her upon the following conditions: "This deed not to become absolute until after my death, I re-

taining the use and control of the land during my life; my intention being to retain a life lease to the above premises. It is also agreed and understood that should I desire to sell the land during my lifetime that the grantee will join me in a deed, providing I pay her for the improvements she and her husband place on the land." Plaintiffs further alleged that defendants had not improved said land; that Benedict sold said real estate to plaintiff Lindbloom, and defendants refuse to convey. The prayer is for a specific performance of said contract.

Defendants answered by way of general denial, except as to specific admissions, denied that said deed was without consideration, and alleged: That theretofore the land had been conveyed by them to Benedict to secure the payment of $300, and the conveyance, although in form an absolute deed, was a mortgage; that, when said deed was executed, it was orally agreed that defendants should have the use of said land during Benedict's lifetime and should deliver to him one-fourth of the crops grown on said farm, and that the grantee should also nurse and care for the grantor when he was sick or in need of care; that Benedict is an aged person afflicted with cancer, and that defendants took him into their home, boarded, nursed and cared for him, and thereby returned to him more than $300 in value; and that they are ready and willing and offer to continue such care and nursing and to deliver to said Benedict one-fourth of the crops grown on said farm during his natural life. To this answer plaintiffs filed a general demurrer, which was sustained. Defendants elected to stand on their answer, and a decree was rendered in favor of plaintiffs. Defendants appeal.

Defendants assert that the petition does not state facts sufficient to constitute a cause of action in plaintiffs' favor, and, under the well-established rule that a demurrer to an answer searches the record and will be applied to a defective petition, that the action should be dismissed. We do not agree with counsel. Section 10854, Ann. St. 1907, commands the court to construe instruments creat-

ing, conveying, or requiring the creation or conveyance of real estate, or an interest therein, so as to carry into effect the true "interest" (intent) of the parties, so far as that intent can be collected from the entire instrument and in accord with the rules of law. Acting in conformity with the liberal spirit of the statute, we have refused to be bound by highly technical rules of construction with reference to conveyances of real estate, but give to each word and sentence in those documents such significance as will carry into effect the true intent of the parties thereto. *Rupert v. Penner,* 35 Neb. 587; *Albin v. Parmele,* 70 Neb. 740. Assuming that all of the facts stated in the petition are true, we are not willing to hold that plaintiffs are not entitled to any relief. On the other hand, all of those facts were not admitted in the answer, and if the affirmative allegations therein are true, and plaintiffs cannot qualify or avoid them, plaintiffs are not entitled to the relief they demand. We have not been favored with briefs or argument on this point, and shall not pursue the subject further.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.