ROSINA REUTER, APPELLANT, V. JOHN REUTER ET AL., APPELLEES.

FILED FEBRUARY 13, 1928.   No. 25296.

*Dort & Witte,* for appellant.

*A. E. Henry, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a suit in equity for the construction of a deed to a quarter section of land in Pawnee county and to quiet in plaintiff the fee simple title thereto. The following excerpt from the deed contains the provisions in controversy:

"Know All Men By These Presents:

"That I, Frank J. Wenzl, a widower, of the County of Pawnee and State of Nebraska, for and in consideration of the sum of one dollar and other good and valuable consideration in hand paid, do hereby grant, bargain, sell, convey and confirm unto Rosina Reuter, my daughter, of the County of Richardson and State of Nebraska, the following described real estate, situated in Pawnee County, and State of Nebraska, to wit: The northwest quarter of section twenty-eight, in township three north, in range ten, east of the sixth principal meridian, containing 160 acres, more or less, according to United States government sur-

vey. This conveyance is made subject to the following express conditions: That the said Rosina Reuter, grantee herein, shall not convey nor incumber the said premises during the term of my natural life; that the said Rosina Reuter shall pay to me the sum of one hundred dollars on the thirty-first day of December each year during the term of my natural life, and the said annuity shall be and remain a charge and lien upon the said real estate until the same is fully paid; that upon the death of the said Rosina Reuter the said land shall descend to, and the title thereto shall vest in, her children and their descendants as by right of representation."

The deed contained covenants of warranty and was dated November 2, 1915. At that time grantee, Rosina Reuter, was the mother of children now living. She is plaintiff, and pleads that the deed was duly executed, delivered and recorded; that the restricting clauses were inserted for the sole purpose of securing to grantor, while living, the annual payments of $100 each; that grantee paid each installment at maturity; that grantor died August 23, 1922; that the wife of the grantor departed this life April 26, 1900; that the following provision of the deed is void:

"Upon the death of the said Rosina Reuter the said land shall descend to, and the title thereto shall vest in, her children and their descendants as by right of representation."

Grantee and her husband, John Reuter, have now unmarried children, named, respectively, Frank Reuter, Leonard Reuter, and Gladys Reuter. They have also a married daughter, Eulalia A. Reuter Burgett, wife of Oscar Burgett. The Burgetts named have a daughter Marie Burgett, a minor, granddaughter of plaintiff, the grantee. Gladys Reuter, daughter of plaintiff, is also a minor. John Reuter, husband of plaintiff, their children and the grandchild, Marie Burgett, are defendants.

The suit is defended only by the minors, Gladys Reuter and Marie Burgett, who are represented by A. E. Henry,

their guardian *ad litem*. The answer amounts to a plea that the deed to plaintiff conveyed to her a life estate only, with remainder over to a class consisting of her surviving children and of any surviving children of her deceased children at the time of her death.

Upon a trial of the issues the district court dismissed the suit. Plaintiff appealed.

The propositions of law upon which plaintiff relies for a reversal and for a decree in her favor are that the deed as a whole shows it was the intention of grantor to convey to grantee a fee simple title; that the fee was conveyed to plaintiff in clear and decisive terms; that after such a grant the estate thus conveyed could not be cut down to a life estate; that the restrictions were inserted to secure the stipulated payments; that the clause relating to the vesting of title in grantee's children and their descendants is inoperative under the rule in Shelley's Case and the statute relating to perpetuities.

The positions thus taken by plaintiff do not seem to be tenable. A Nebraska statute provides that courts in construing a conveyance of real estate shall carry into effect the true intent of the parties, "so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." Comp. St. 1922, sec. 5594. The statutory rule applies to deeds. *Moran v. Moran,* 101 Neb. 386. It was held by a divided court in later cases that the rule in Shelley's Case is in force, and that it conforms to public policy and does not conflict with the statutory rule. *Myers v. Myers,* 109 Neb. 230; *Yates v. Yates,* 104 Neb. 678.

According to the legislative test, it is the duty of the court to give to each word and sentence in the conveyance such significance as will carry into effect the true intent of the parties thereto. *Rupert v. Penner,* 35 Neb. 587; *Albin v. Parmele,* 70 Neb. 740; *Benedict v. Minton,* 83 Neb. 782; *Moran v. Moran,* 101 Neb. 386. Where granting and restricting clauses properly construed are not inconsistent or illegal, resort to the *habendum,* in connection with all

other provisions, is permissible for the purpose of ascertaining the character and extent of the estate granted to the first taker. This is shown by the opinions in the cases cited. In *Loosing v. Loosing,* 85 Neb. 66, 74, it was said:

"The later clause, or clauses, may be read in connection with the first one for the purpose of advising the court whether it actually did transfer the fee, and if it does not in itself clearly and unequivocally do so, and by a comparison thereof with the remaining parts of the instrument the court is convinced that the testator did not in fact intend to vest the greater title in the first taker, the instrument will be construed accordingly."

If the rule in Shelley's Case is in accord with the statutory test of expressed intent "collected from the whole instrument," as held in *Yates v. Yates,* 104 Neb. 678, and *Myers v. Myers,* 109 Neb. 230, the statute itself and the earlier interpretations thereof by the judiciary are entitled to respect.

What estate was conveyed to plaintiff by the deed in the present case? The granting clause contains the words, "Do hereby grant, bargain, sell, convey and confirm unto Rosina Reuter," and describes the land. Standing alone the granting clause would convey the entire interest of grantor to grantee under the statute providing:

"Every conveyance of real estate shall pass all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." Comp. St. 1922, sec. 5591.

The statute permits a reasonable inference that the entire interest of grantor is not conveyed to grantee, if "the terms used" limit the estate. Some of the "terms used" may be found in the *habendum,* as held in the cases already cited, if effect is to be given to every part of the instrument. The granting clause does not state precisely that grantor conveys to grantee all his right, title and interest in the land or that he conveys to her his fee simple title thereto. In *Rupert v. Penner,* 35 Neb. 587, 599, the granting clause, technically called "premises," and the

*habendum* were the same as in.the case at bar. Both are construed, the court saying:

"Counsel for defendants claim that the *habendum* contradicts the granting clause, and they invoke the familiar doctrine that, when the *habendum* in a deed is repugnant to the limitations appearing in the premises, it will not control the terms of the premises. We do not think this rule is applicable to the construction of the instrument under consideration, for the reason that the premises and the *habendum* are not contradictory. No definite estate is mentioned in the former, while the latter describes what estate in the property is conveyed. Such being the case, effect should be given to the limitations contained in the *habendum*."

It is further stated in the opinion from which the foregoing excerpt is taken that the ruling therein is in harmony with the statutory rule. Immediately following the granting clause in the present case, the grantor uses the expression that "This conveyance is made subject to the following express conditions," stating them. Each is introduced by "that," referring back to "conditions." In substance the conditions are: That grantee shall not convey nor incumber the premises; that she shall pay grantor each year of his life $100; that deferred instalments shall be a lien on the land until paid; that upon the death of grantee the title to the land "shall vest in her children and their descendants as by right of representation." Taken all together, the grant to plaintiff, the conditions, and all other parts of the deed show that grantor intended to, and did, convey a life estate to grantee and the estate in remainder to "her children and their descendants as by right of representation."

Under this interpretation of the deed the granting clause and the *habendum* are consistent and effect is given to every part of the instrument which, thus construed, shows that grantor did not intend to convey to grantee a fee simple title but conveyed to her a life estate. This construction seems to be unavoidable when the grant to plaintiff is

construed according to the statutory test of expressed intention disclosed by the deed as a whole. Comp. St. 1922, sec. 5594. What then becomes of the estate in remainder or the fee upon the death of plaintiff? The deed itself answers the question in these words:

"Upon the death of the said Rosina Reuter the said land shall descend to, and the title thereto shall vest in, her children and their descendants as by right of representation."

The word "heir" is not used in the disposition of the remainder in fee. The entire deed shows that grantor, after conveying the life estate to plaintiff, directed where the remainder in fee should go by designating a class consisting of such children of plaintiff as may be alive at her death and of such of her grandchildren as may be children of her deceased children. In this view of the entire deed it is a lawful conveyance of both the life estate and the remainder in fee to different takers without conflicting with the rule in Shelley's Case or the statute relating to perpetuities.

AFFIRMED.

Note—See Deeds, 12 L. R. A. n. s. 956; 24 L. R. A. n. s. 514; 42 L. R. A. n. s. 379; 8 R. C. L. 1046, 1047; 2 R. C. L. Supp. 712; 5 R. C. L. Supp. 492; 6 R. C. L. Supp. 534; 18 C. J. 256 n. 73, 305 n. 38, 331 n. 20, 337 n. 69.