CHARLES DAHLKE, APPELLEE, V. BERTHA DAHLKE,
APPELLANT, MINNIE GUTZMER ET AL., APPELLEES.
51 N. W. 2d 266

Filed January 11, 1952.   No. 33066.

*Lee Kelligar,* for appellant.

*Henry F. Schepman* and *John C. Mullen,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, in his own behalf and for the benefit of defendant brothers and sisters, brought this suit in equity to recover $6,000 with interest and have the same declared and enforced as a lien upon described farm lands, under the provisions of a warranty deed executed by the father and mother, conveying the same to plaintiff's sister, defendant Bertha Dahlke. Such defendant answered, denying generally, but admitting execution and delivery of the deed on June 21, 1920, and subsequent recording thereof. She also admitted that thereunder she immediately took possession of the land and continuously thereafter retained possession and paid all taxes levied and assessed against it. She alleged that she was the owner in fee simple, free and clear of all liens and encumbrances, since paragraph Fourth of the deed was null and void, thus unenforceable because it was testamentary in character, and the requirements of the statutes relating to wills were not complied with in its execution and because it sought to impose an obligation upon defendant for the payment of money only,

not for the benefit of grantors, but for a stranger to the contract and deed. Two defendants, a brother and sister of plaintiff, filed separate answers admitting the allegations of plaintiff's petition and joining in the relief prayed by him. All other defendants defaulted.

After a hearing upon the merits, the trial court rendered its decree, finding and adjudging the issues generally for plaintiff and other defendants but against defendant Bertha Dahlke. However, it found and adjudged that such defendant, as a sister of William Dahlke, deceased, for whose benefit the charging lien had been imposed, was the owner of an equal one-seventh share of the lien with interest at 6 percent from February 8, 1950, and gave her credit therefor, of which plaintiff makes no complaint.

The decree specifically provided: "6. That the plaintiff Charles Dahlke and the defendants Minnie Gutzmer, Mary Burow, Amanda Munson, Eddie Dahlke and Ernest I. Dahlke, have and recover from the defendant Bertha Dahlke the sum of $5,142.86 with interest at 6% from February 8, 1950 and in default of the defendant Bertha Dahlke within 60 days from date of decree to pay said amount together with costs that an order of sale issue to the Sheriff of Richardson County, Nebraska directing him as Sheriff to sell said real estate as upon execution to satisfy said sum of $5,142.86 with interest at 6% from February 8, 1950.

"7. Costs of this action taxed against the defendant Bertha Dahlke in addition to said sum of $5,142.86 with interest at 6% from February 8, 1950.

"8. That any money in the hands of the Sheriff of Richardson County, Nebraska from the sale of said real estate after paying said $5,142.86 with interest at 6% from February 8, 1950 and costs taxed to said defendant Bertha Dahlke, to the parties entitled to receive the same shall be paid by the Sheriff of Richardson County, Nebraska, to the defendant Bertha Dahlke."

Defendant Bertha Dahlke's motion for new trial was

overruled, and she appealed, assigning substantially that: (1) The trial court erred in entering a personal judgment against her and in granting a lien with foreclosure thereof; and (2) that the decree was contrary to law. We conclude that the assignments should not be sustained.

At the outset it will be noted that the warranty deed specifically provided, among other things, that the charge of $6,000 "upon said premises * * * shall be and is a lien thereon" and that it "shall be paid * * * by said grantee within one year after the death of the last surviving grantor" and "that for the failure of the said grantee herein, in the performance * * * at the time and in the manner provided herein, then" the persons having the "right as provided herein shall proceed at law to enforce the lien herein and recover the charges made in his or their behalf * * *." In the light thereof, it is apparent that unless paragraph Fourth of the deed was null and void, as argued by defendant, the trial court's decree was correct in every respect.

There remains then only the question of whether or not the decree was contrary to law. We conclude that it was not.

The pertinent facts are as follows: August Dahlke and Mena Dahlke, his wife, parents of defendant Bertha Dahlke, were on June 21, 1920, owners of the described land involved. On that date, as grantors, they executed and delivered to said defendant as grantee, a warranty deed to the land. Admittedly she accepted the deed, duly recorded it, and was in possession of the land from that date until the trial, a period of more than 30 years.

Insofar as important here, the deed recited as consideration "the sum of One Dollar, in hand paid, and the consideration of love and affection, together with conditional considerations hereinafter set forth, * * *." Such considerations were, first, that grantee should pay all taxes and assessments upon the property before the same became by law delinquent. That has been com-

plied with. Second, that grantee should not, during the lifetime of grantors or the survivor of them, sell, convey, mortgage, or in any manner encumber the premises. Compliance therewith is not disputed here. Third, the grantors reserved to themselves and the survivor of them for life an annual charge of $400 against and upon the premises, which should be paid by grantee to them or the survivor, on or before December 31st of each and every year, including 1920, during the life of grantors and the survivor of them. Also, compliance therewith is not disputed here.

The fourth is the provision herein directly involved. It provided: "The said grantors hereby place a further charge upon said premises in the sum of six thousand dollars ($6000.00), which shall be and is a lien thereon, subject only, to taxes and the annual charge hereinbefore reserved, and which said charge of $6,000.00 is made in favor of and shall be paid to our son William Dahlke by said grantee within one year after the death of the last surviving grantor herein, provided the said William Dahlke be then living, and if dead then said payment shall be made to his surviving issue, if there be a failure of living issue of his body, then in equal parts to his brothers and sisters, the children of any deceased brother or sister to receive the share of their ancestor: Provided, that for the failure of the grantee herein, in the performance of conditions number one and two hereof, such failure is declared to and shall work a forfeiture of this conveyance, and the said grantors shall declare said forfeiture and re-enter the said premises and this conveyance shall be and become null, void and of no effect: Provided further, that for the failure of the said grantee herein, in the performance of condition number four hereof at the time and in the manner provided herein, then the said William Dahlke or the next in right as provided herein shall proceed at law to enforce the lien herein and recover the

charges made in his or their behalf according to the provisions of said condition number four." 

Grantor Mena Dahlke, wife of grantor August Dahlke, died March 21, 1939. August Dahlke died February 8, 1949. They were the mother and father of plaintiff Charles Dahlke, the defendants Minnie Gutzmer, Mary Burow, Amanda Munson, Eddie Dahlke, Ernest I. Dahlke, and grantee, defendant Bertha Dahlke, all of whom survived and were the only brothers and sisters of William Dahlke, also a son of Mena and August Dahlke, who, when 66 years of age, died without issue on December 6, 1948. Other defendants were the respective spouses of defendant brothers and sisters.

Bertha Dahlke has never paid the $6,000 to William Dahlke or any other person, and no other proceedings at law or in equity have been brought to collect the same.

The question of whether or not the fourth provision was null and void as testamentary in character is dependent upon grantor's intent to be gathered from the language of the instrument and applicable rules of law. As held in Carr v. Miller, 105 Neb. 623, 181 N. W. 557: "In the construction of every instrument for the conveyance of real estate or any interest therein, it is the duty of the courts to carry into effect the true intent of the parties, so far as such intent can be ascertained from the whole instrument and is consistent with the rules of law. Rev. St. 1913, sec. 6195; Benedict v. Minton, 83 Neb. 782."

As stated in Blochowitz v. Blochowitz, 130 Neb. 789, 266 N. W. 644: "However, in this state, the statute requires: 'In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest (intent) of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is consistent with

the rules of law.' Comp. St. 1929, sec. 76-109. This statute is applicable alike to wills, deeds, and contracts to convey. Heiser v. Brehm, 117 Neb. 472, 221 N. W. 97; Reuter v. Reuter, 116 Neb. 428, 218 N. W. 86."

In Ohm v. Clear Creek Drainage District, 153 Neb. 428, 45 N. W. 2d 117, this court held: "An estate in fee simple subject to a condition subsequent is created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple and provides that upon the occurrence of a stated event the conveyor or his successor in interest shall have the power to terminate the estate so created." As stated in the opinion: "Restatement, Property, § 45, p. 133, comment a, says: '* * * When a transferor, having an estate in fee simple absolute transfers an estate in fee simple subject to a condition subsequent, the transferee is regarded as having received the entire estate of the transferor, who, by virtue of his reserved power of termination has the power to regain his former estate, if and when there is a breach of the condition subsequent.'" Defendant took such a title when she accepted the deed and assumed its obligations.

Also, as stated in Restatement, Property, chapter 4, p. 168: "The owner of an estate in fee simple defeasible may be restricted in his uses of the affected land by an outstanding easement or profit or restricting covenant; or his estate may be subject to a money charge which operates as a lien thereon, * * *." Also, as stated in Restatement, Property, 1948 Supplement, § 24, comment ff, p. 361: "The language of an instrument frequently requires construction to determine whether it creates a condition subsequent, a covenant or both (see § 45, Comments n, o and p). When found to create both, the person entitled to enforce the covenant is entitled to all equitable relief normally available with respect to such a covenant, despite the fact that a condition subsequent also exists."

In Restatement, Trusts, § 10, comment f, p. 34, it is

said: "Whether an equitable charge or a trust is created depends upon the manifestation of intention of the transferor. If the transferor manifests an intention to impose a duty upon the transferee to deal with the property for the benefit of a third person and to give to the third person the beneficial interest therein, a trust is created; if he manifests an intention not to impose such a duty upon the transferee, but to give to the transferee the beneficial interest therein, and to give a security interest to the third person, an equitable charge is created.

"Ordinarily where property is transferred to another 'subject to the payment of' a certain sum to a third person, * * * an equitable charge and not a trust is created, since the transferor does not thereby manifest an intention to impose a duty upon the transferee to deal with the property for the benefit of the third person. On the other hand, where property is transferred to another with a direction to pay to a third person a certain sum out of the property or its proceeds, * * * a trust and not an equitable charge is created, since the transferor thereby manifests an intention to impose a duty upon the transferee to deal with the property in part at least for the benefit of the third person." Also, as stated in the same section, comment a, p. 32: "In the case of an equitable charge, as in that of a trust, the person having title to property holds it subject to an equitable interest in another person. If an equitable charge is created, the equitable encumbrancer has an equitable lien upon the property, but the person who holds subject to the charge is the owner of the property, subject only to the lien; a trustee is not the owner of the trust property although he has title to it (see § 2, Comment d). An equitable interest as well as a legal interest may be subject to an equitable charge, just as an equitable interest as well as a legal interest may be held in trust.

"After the equitable charge is paid, the devisee can hold the property free and clear. On the other hand,

where property is transferred upon a trust which is fully performed, without exhausting the trust estate, the trustee holds the surplus upon a resulting trust for the settlor unless the settlor properly manifested a different intention (see § 430)."

Further, as stated in Restatement, Trusts, § 56, comment f, p. 172: "If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although the interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not a testamentary trust, except as stated in § 57 (2, 3). The disposition is not testamentary and the intended trust is valid, even though the interest of the beneficiary is contingent upon the existence of a certain state of facts at the time of the settlor's death." Section 57 (2, 3) has no application here.

It will be observed then that whether the $6,000 involved was an equitable charge as argued by plaintiff, or a trust as argued by defendant Bertha Dahlke, it conveyed a present contingent equitable interest to the beneficiary and it would be valid and binding upon defendant, Bertha Dahlke, and not null and void as testamentary in character. We find no provision in the deed which could make paragraph Fourth null and void. Cases cited and relied upon by defendant are distinguishable upon both the facts and the law, and are not in point or controlling here.

As a matter of fact, the obligation as specifically imposed by the instrument itself formed a part of the consideration for the conveyance which grantee accepted, thereby assuming its payment as a part of the consideration therefor. Peterson v. Graves, 134 Kan. 805, 8 P. 2d 308, involved the construction and enforcement of a comparable provision in a deed, wherein the beneficiary was a third person and not a party to the instrument. In that opinion, it is said: "The deed recited a consideration of one dollar and 'other consideration.' Calling a provision in a deed a condition does not make the pro-

vision a condition. In this instance, the provision constituted in effect a covenant to pay Mabel and Edith, which formed the consideration for the conveyance to defendant. The deed became effective the moment defendant accepted it. From that moment he became bound to satisfy the condition, and his breach of the condition created a cause of action in plaintiff's favor." See, also, 14 Am. Jur., Covenants, Conditions and Restrictions, § 4, p. 483, § 196, p. 611.

Wier v. Simmons, 55 Wis. 637, 13 N. W. 873, also involved construction and enforcement of comparable provisions in a deed, wherein the beneficiaries were third persons not parties to the instrument. In that opinion it is said: "Whether a provision in a deed or will, which, as a part of the consideration, requires the payment of money to third persons by the grantee or devisee therein, within a fixed time after the title and right of possession vest in him, will be construed to be a charge upon the land, or whether it will be construed to be a condition subsequent, depends upon the intent of the parties to the conveyance, or of the testator in the case of a devise, and it will always be construed to make a charge upon the premises, unless a different intent is clearly apparent, or in the case of a deed the language is so clear as to leave no room for construction or doubt." The conclusion of the court, citing numerous authorities in support thereof, was: "That they are a lien and charge upon the lands which can be enforced in equity, we think is well settled, both upon principle and authority."

In Krahn v. Goodrich, 164 Wis. 600, 160 N. W. 1072, it is said: "The decision below that the conveyance of land by one person to another by deed, on condition of such other paying to a third person a specified sum of money, and acceptance of such conveyance, creates a lien upon the land in favor of such third person, is correct,—Wier v. Simmons, 55 Wis. 637, 13 N. W. 873; Williams v. Williams, 82 Wis. 393, 52 N. W. 429; Mer-

ton v. O'Brien, 117 Wis. 437, 94 N. W. 340; Powers v. Powers, 28 Wis. 659; Korn v. Friz, 128 Wis. 428, 107 N. W. 659; but where the payment is made contingent upon a condition precedent, the lien is likewise contingent and, if the time limited for such precedent event to occur expires without its happening, the possibility of the lien ripening into an absolute interest no longer exists. That was what happened in this case." In the case at bar, however, the time has expired, the events have occurred, and since all other conditions have been performed by defendant, the lien has ripened into an indefeasible absolute enforceable interest.

Also, in Logan v. Glass, 136 Pa. Sup. 221, 7 A. 2d 116, affirmed 338 Pa. 489, 14 A. 2d 306, wherein it was concluded that the deed was not testamentary in character and that both the promisor personally and the land were bound, it is said: "It is well established in this Commonwealth that the words 'subject to the payment' of money conditioning a devise of real estate ordinarily has the effect of creating a charge upon the land acquired thereby. That the same principle applies where the land is acquired by deed or grant is not disputed. * * * Just as the acceptance of the devisee implies a promise to perform the condition on which the beneficiary may base his actions, so the acceptance of the grantee imposes upon him a contractual obligation for the benefit of another, whose legal position is that of a third party beneficiary to the contract of conveyance. And 'where performance of a promise in a contract will benefit a person other than the promisee that person is . . . . a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary.' * * * The view. suggested in the

Restatement and prevailing in this country, that a donee beneficiary has an unqualified right of action to enforce the duty of the promisor to perform the promise, is now, and has been for some years, recognized by the appellate courts of this Commonwealth. This right of action in a third person has long been recognized where money or property has been given over for his sole benefit. * * * 'According to this view the donee beneficiary acquires a right at once upon the making of the contract and that right becomes immediately indefeasible.' " See, also, Stewart v. Colvin, 202 Okl. 380, 214 P. 2d 229.

In the light of the foregoing, the deed here involved became effective and its provisions were enforceable when the deed was accepted by defendant, Bertha Dahlke. She thus became bound to carry out its provisions as intended by the grantors, all of which provisions were consistent with rules of law.

For the reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.