LESLIE ELROD ET AL., APPELLANTS, V. THE HEIRS, DEVISEES, LEGATEES, PERSONAL REPRESENTATIVES AND ALL OTHER PERSONS INTERESTED IN THE ESTATE OF HATTIE GIFFORD, DECEASED, ET AL., APPELLEES.

55 N. W. 2d 673

Filed December 12, 1952. No. 33174.

*Torgeson, Halcomb & O'Brien,* for appellants.

*Van Steenberg & Myers,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Hattie Gifford, an unmarried woman and the owner in fee simple of a section of land in Kimball County, sold and conveyed it on May 13, 1943, for a valuable consideration to appellants as joint tenants "subject to and reserving to the grantor herein personally an undivided one-half (½) interest in and to all gas, oil or other minerals in on or under said land herein conveyed," and subject to "an undivided one-half (½) interest in and to the mineral rights as above set forth reserved in the grantor herein." The grantor died intestate in the year 1946.

Appellants sought by this suit to have it determined

that the right or estate reserved by the grantor by virtue of the two provisions of the deed from her to appellants above quoted was personal to Hattie Gifford, terminated at her death, and that her heirs inherited no part of or interest in the real estate. Appellants prayed for a decree quieting an unconditional fee title to the land in them. Appellees claimed that Hattie Gifford excepted from her conveyance to appellants and that she continued until the time of her death to be the unconditional owner of an undivided one-half of the oil, gas, and other minerals in, on, or under the real estate, and that they, as her heirs, became and were the owners thereof. They sought a decree quieting title thereto in them. The district court found against appellants, for appellees, and quieted title in them to an undivided one-half of the oil, gas, and other minerals in the land.

It is conceded by the parties that Hattie Gifford retained an interest in the land by virtue of the provisions of the deed set out herein, but they disagree as to the character and duration of the estate retained by her. The intention of the parties as expressed in the parts of the deed quoted and the effect of the deed must be determined from a consideration only of that instrument. There is an absence of extrinsic evidence to aid in discovering the intent of the parties.

The court in interpreting a conveyance of real estate is by legislative declaration required to carry into effect the true intent of the parties so far as it can be ascertained from the whole instrument, if not inconsistent with law. § 76-205, R. R. S. 1943. Each word and provision in the conveyance must be given such significance as will make effective the intention of the parties. Reuter v. Reuter, 116 Neb. 428, 218 N. W. 86; Dahlke v. Dahlke, 155 Neb. 169, 51 N. W. 2d 266. In ascertaining the intention of such an instrument courts are not confined to a strict or literal interpretation of the language used when to do so would frustrate the intention of the parties thereto as gathered from the whole

instrument. Bear v. Millikin Trust Co., 336 Ill. 366, 168 N. E. 349, 73 A. L. R. 173; 16 Am. Jur., Deeds, § 170, p. 533.

The essence of the argument of appellants is that because the terms of the deed are "reserving to the grantor herein personally" that a reservation was intended and created in the grantor, and that it terminated with her death. Contrary to this appellees claim that the language of the deed excluded from the grant to appellants one-half of the oil, gas, and other mineral rights in the land; that the grantor continued to own them the same as she did before she executed the deed; and that at her death this interest vested in her heirs. Specifically appellees assert the deed created an exception and not a reservation.

A reservation is some new thing issuing out of what is granted. It creates a new right in the grantor from the subject of the conveyance, something which did not exist as an independent right before the grant and which is originated by it. In Eiseley v. Spooner, 23 Neb. 470, 36 N. W. 659, 8 Am. S. R. 128, it is said: "An exception is said to be a withdrawal from the operation of the grant, of some part of the thing granted; while a reservation is of some new thing issuing out of what is granted. Thus, where real estate is granted, a portion thereof may be excepted from the terms of the conveyance, or the trees or woods growing thereon. If the exception be valid, the title to the thing excepted remains in the grantor, the same as if no grant had been made. A reservation, while not affecting the title to the thing granted, may reserve to the grantor a right to the use or enjoyment of a portion thereof, as an easement, the right to pass over, or the like." In Burchard v. Walther, 58 Neb. 539, 78 N. W. 1061, the court said: "But if the clause in each deed should be construed as an exception, and not as a reservation, plaintiff would be in no better situation, for an exception in a deed is nothing more than a qualification, by which some part of the estate is not

conveyed, which would have passed to the grantee but for the exception."

The court in Smith v. Furbish, 68 N. H. 123, 44 A. 398, 47 L. R. A. 226, adopted the language of Tiedeman, Real Property, § 843, p. 684, that " 'The part excepted is already in existence, and is said to remain in the grantor. The grant has no effect upon it. A reservation is the creation, in behalf of the grantor, of some new right issuing out of the thing granted, something which did not exist, as an independent right, before the grant. * * *' " The court then said: "As the reservation in this case does not appear to have been written in a peculiar sense, it is to be taken in its ordinary, natural, and popular signification, which is, that after the conveyance Cross was to have no right that he did not have before. This popular sense is the legal sense, not because an artificial rule has been established by judicial or legislative power, but because the law ascertains the facts of the case and acts upon them; and a peculiar meaning not being proved, the inference of fact is, that Cross and Wilson understood the reservation in a sense that is not peculiar—the ordinary sense in which it would be understood by people in general. Thus understood, it describes proprietary rights that did not pass from the grantor, and consequently is a part of the description of those that did pass. The deed is a mere conveyance from Cross to Wilson, and not a conveyance in that direction supplemented by an implied reconveyance."

In Restatement, Property, § 27, p. 80, it is said concerning an exception that: "The requirement stated in this Section as to the inclusion of words of general inheritance with respect to the conveyee has no application to an exception. The effect of an exception is to exclude from the operation of the conveyance the interest specified and it remains in the conveyor unaffected by the conveyance." This illustration is given: "A owns land in fee simple absolute. He makes an otherwise effective conveyance thereof 'to B, his heirs, and assigns

excepting to myself, a strip ten feet wide along the west side of the land hereby conveyed.' A still owns the strip in fee simple absolute." See, also, Donnell v. Otts (Tex. Civ. App.), 230 S. W. 864; Maynard v. Ratliff, 297 Ky. 127, 179 S. W. 2d 200; De Moss v. Sample, 143 La. 243, 78 So. 482; Stone v. Stone, 141 Iowa 438, 119 N. W. 712, 20 L. R. A. N. S. 221; Barrett v. Kansas & Texas Coal Co., 70 Kan. 649, 79 P. 150; Marias River Syndicate v. Big West Oil Co., 98 Mont. 254, 38 P. 2d 599; 26 C. J. S., Deeds, § 137, p. 439.

The primary rule is that the intention of the parties as determined from the whole instrument shall govern. It is only when the intention is obscure or uncertain that resort may be had to subordinate rules of construction and permissible surrounding circumstances. In this case there is no ambiguity or obscurity in the language used in the deed and the intention of the parties thereto may be said to be quite obvious. The terms exception and reservation are frequently used synonymously, conjunctively, and interchangeably. It is not necessarily conclusive, and many times not even significant, whether the word selected is except or reserve. The intent is the primary matter to be considered. Whether a provision is a reservation or an exception does not depend upon the use of a particular word, but upon the character and effect of the provision itself. In Hicks v. Phillips, 146 Ky. 305, 142 S. W. 394, 47 L. R. A. N. S. 878, the court commented: "However, a reservation is not always created because the word, 'reserves' or 'reserving' is employed. 'Reserving' sometimes has the force of 'saving' or 'excepting' (2 Coke Litt. 413; Whitaker v. Brown, 46 Pa. St. 197; Dee v. King, 77 Vt. 230). In general, a reservation is like an exception, something to be deducted from the thing granted narrowing and limiting what would otherwise pass by the general words of the grant (Dyer v. Sanford, 9 Metc. (Mass.) 395). 'Reserving' and 'excepting,' although strictly distinguishable, are often used interchangeably or indiscriminately,

and the use of either term is not conclusive as to the nature of the provision." The court said in Smith v. Furbish, *supra:* " 'Reserving,' 'excepting,' and 'excluding' are generally used as synonyms. Whether a provision is a reservation or an exception does not depend upon the use of a particular word, 'but upon the nature and effect of the provision itself.' Stockwell v. Couillard, 129 Mass. 231, 233; Fischer v. Laack, 76 Wis. 313, 319, 320; Keeler v. Wood, 30 Vt. 242, 246; Chicago, etc., Railway v. Railroad, 143 U. S. 596, 599, 613, 614. 'A clause of reservation is construed to be an exception, if that will best effect the intent of the parties.' " See, also, Marias River Syndicate v. Big West Oil Co., *supra;* Barrett v. Kansas & Texas Coal Co., *supra;* Trapp v. McCormick, 175 Tenn. 1, 130 S. W. 2d 122; 26 C. J. S., Deeds, § 137, p. 439; 16 Am. Jur., Deeds, § 310, p. 615.

The Legislature enacted the Uniform Property Act to modify and eliminate some common law technicalities and exactions. One of its provisions is: "An otherwise effective reservation of property by the conveyor reserves the interest the conveyor had prior to the conveyance unless an intent to reserve a different interest is effectively manifested." § 76-106, R. R. S. 1943. An intent to reserve a different interest than the grantor had prior to the deed herein involved is not "effectively manifested" by the terms of the deed "reserving to the grantor herein personally." Smith v. Furbish, *supra;* Donnell v. Otts, *supra.*

The office of a reservation is to reserve to the grantor something new out of that which is conveyed and which did not exist before as an independent right. A reservation is always something taken back out of that which is demised. An exception is some part of the estate excluded from the grant and retained by the grantor as if there had been no conveyance made by him to the grantee. The conclusion is inescapable that Hattie Gifford by the terms of her deed to appellants retained a fee simple estate in one-half of the gas, oil, and other

minerals in the land conveyed. The inclusion of the word "personally" in the clause excepting this interest in the grantor cannot change the obvious intent of the parties and the meaning of the exception.

The judgment of the district court should be and it is affirmed.

AFFIRMED.