ROSS P. CURTICE COMPANY, APPELLANT, v. ESTATE OF OWEN L. JONES, APPELLEE.

FILED NOVEMBER 16, 1923. No. 22554.

1. **Trial: MOTION FOR DIRECTED VERDICT.** Upon motion by defendant for directed verdict at the conclusion of the plaintiff's evidence, the motion must be treated as an admission of the truth of all material and relevant evidence admitted and all proper inferences to be drawn therefrom, and if the evidence tends to sustain the allegations of the petition, and the petition states

a cause of action, the case should be submitted to the jury. *Wheeler v. Abbott*, 89 Neb. 455.

2.  **Attorney and Client: AUTHORITY OF ATTORNEY: PRESUMPTION.** Ordinarily the power of an attorney to act for his client in an action is to be considered valid and sufficient till disproved, not void or insufficient until proved. And this applies to the power of an attorney in dealing with claims or prospective claims against an estate which he is actually engaged in settling.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. *Reversed*.

*Stewart, Perry & Stewart* and *Hazlett, Jack & Laughlin*, for appellant.

*McCandless & McGuire, contra*.

Heard before MORRISSEY, C. J., DAY, ROSE and LETTON, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

Owen L. Jones purchased an Ampico Franklin piano from the Ross P. Curtice Company, appellant, on a conditional sale contract note, a note of the kind long upheld by the courts and now generally used throughout the state. Shortly afterward the company shipped the instrument with bench, cabinet and records to Jones at Wymore, Nebraska, where the latter was then staying. It was received there and delivered, as appellant contends, to Owen L. Jones, through his brother, R. J. Jones. It is established that this brother receipted to the Chicago, Burlington & Quincy Railroad Company's agent for it, "O. L. Jones, by R. J. Jones," and thereupon proceeded to load the piano on a wagon for the purpose of hauling it to the house where Owen L. Jones then was. In the loading, however, the instrument fell to the ground and was considerably damaged. R. J. Jones immediately telephoned the Curtice company (the telephone conversation was excluded by the court) and arranged for the return of the piano to it for repairs. This was promptly done. Owen L. Jones died shortly thereafter. Upon completion of the repairs the company wrote the attorneys for

his estate informing them of the fact and requesting advice as to the piano's disposition. The attorneys wrote back advising the company to file its claim for repairs, saying that the piano had been damaged in shipment and that the estate could not be compelled to take it, and suggesting that it be sold. In an earlier letter they stated that they were the attorneys in charge of the settlement of the estate, requested appellant to take proper care of the piano, and advised it that the bench, etc., were subject to the company's order. The court ruled out both of these letters.

In due course, no settlement having been made, appellant filed claim against the estate of the deceased, both for the price of the piano and for its repair bill. The claim was disallowed in the county court. The district court directed a verdict for the defendant on appeal; and the case is now here for review.

Other pertinent facts are that the said Owen L. Jones signed the contract note, "O. L. and R. J. Jones, by Owen L. Jones," and paid $200 on it, $100 in cash and $100 in services; also, that the bench, cabinet and records had never been returned to the appellant.

In the amended petition the appellant declared on the contract note and on the bill of repairs in separate counts, setting out the note in *hæc verba* and duly making all necessary allegations as to the facts above recited. Granting that the contract is valid and enforceable, the petition fully stated a cause of action on each of the two counts referred to. The appellee, Estate of Owen L. Jones, deceased, answered by its administrator, admitting the execution of the contract note and that Owen L. Jones had paid $200 thereon, and averring that appellant had been fully paid all sums due on said contract, and that the piano was never delivered to said Jones, but retained in the possession of the appellant. The answer further states that Jones was ill and physically and mentally incompetent to transact business when the contract was entered into, and that the piano "came to Wymore and was shipped back to the plaintiff" without his knowledge. The answer also generally

denies the second cause of action. The appellant filed reply denying all of the allegations of the answer except those admitting the allegations of its petition.

Complaint is made because the court refused to permit William A. Howland, treasurer of the plaintiff company, to testify concerning a telephone call which he received from R. J. Jones, of Wymore, Nebraska, requesting that certain repairs be made on the piano; also in refusing to receive in evidence that portion of the deposition of. Marshall E. Johnson concerning a telephone call which he received from R. J. Jones, in which said Jones stated that the piano had been damaged and was being returned to the plaintiff for repairs; also because the court directed a verdict for the appellee, defendant.

We think the letters in question should have been received. They were in the ordinary course of business, and tend to show, in connection with the other evidence, that the company took back the piano to repair it, and not to recover it upon condition broken, or to disavow the sale, or to assert title or right of possession. Even if we concede that the attorneys were not agents of the estate, the appellant would seem entitled to the evidence offered for the purpose of showing the character of its possession. One of these letters states that said attorneys were in charge of the settlement of the estate. It is usually so in practice. Attorneys of an estate are peculiarly its guardians against claims, particularly advised of the facts in relation thereto, particularly careful not to concede or admit. This was a claim which was denied and which would obviously be contested. The letters are important. In one of them it is suggested that the company take proper care of the piano, inferentially showing, or tending to show, that the estate had an interest in it. In the other it is advised that a claim for repairs be filed against the estate. Ordinarily the power of an attorney to act for his client in an action is to be considered sufficient till disproved, not void or insufficient until proved. This applies to the power of an attorney in deal-

ing with claims or prospective claims against an estate which `ie is actually engaged in settling.

But, without regard to this, we are of opinion that there was enough in the evidence received to entitle the plaintiff to go to the jury. The contract note was a good conditional sale contract. *Osborne Co. v. Plano Mfg. Co.,* 51 Neb. 502; *Racine-Sattley Co. v. Meinen,* 79 Neb. 33. When plaintiff filed its claim against the estate it elected to, and did, make said sale absolute, at least if delivery · had been made to Jones in his lifetime and the piano had not been repossessed on claim of right of possession. *Mathews Piano Co. v. Markle,* 86 Neb. 123. It appears that Owen L. Jones not only made payment on the contract, but directed its delivery at Wymore. The witness Johnson testified: "He wanted to know at the time if we would lay the piano down f. o. b. Wymore, which I agreed to." This evidence, though of an oral conversation before the execution of the contract, was not inconsistent with any of the contract terms, and proper as indicating the place of·delivery which was not fully fixed therein. The written contract shows that the piano was to be kept at Wymore. The testimony shows that Owen L. Jones was there when it arrived. The brother who received it had been with him in Lincoln during a part of·the negotiations for its purchase. He was the Jones whose name Owen L. affixed with his own to the contract note. He receipted for the instrument in the name of Owen L. He said when it was turned over to him by the station agent that he was taking it to Owen L. at the house where he then was. All this is enough, and more than enough, to tend to prove that delivery was made to Owen L. Jones. There was further direct evidence that the appellant company had the instrument back for repairs only, and has held it ever since subject to the order of the estate. It is undisputed that there remains due on the note $725, and that the expense of repairs and freight was $34.

It is entirely possible that the estate could maintain its defense of nondelivery by the testimony of R. J. Jones and others. It is possible that its further defense on the ground

that Owen L. Jones was incompetent to contract could be made good. We decide only that the appellant made a case for the jury. This conclusion is amply sustained by authority. Upon motion by defendant for directed verdict at the conclusion of plaintiff's evidence, such motion must be treated as an admission of the truth of all material and relevant evidence admitted and all proper inferences to be drawn therefrom, and if the evidence tends to sustain the allegations of the petition, and the petition states a cause of action, the case should be submitted to the jury. *Wheeler v. Abbott,* 89 Neb. 455; *Oleson v. Oleson,* 90 Neb. 738. Citations to this effect might be multiplied, but the rule is so well recognized as to render this unnecessary.

For the reasons above stated, the court holds that the court below was in error in directing a verdict, and that the judgment must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.