ALFRED E. KRASKI ET AL., APPELLEES, v. DAVID BANWELL ET AL., APPELLANTS.

263 N. W. 2d 458

Filed March 8, 1978. No. 41632.

Ronald Rosenberg, for appellants.

Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, David T. Schroeder, and Padley & Dudden, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from an order sustaining appellees' motion for partial summary judgment and dismissing appellants' cross-petition requesting specific performance of an option to purchase land contained

in a lease. Appellants and cross-petitioners appeal. We reverse.

On March 27, 1976, appellants as lessees and appellees as lessors executed a lease agreement for certain real estate effective March 1, 1976, for a 1-year term with an option to extend the term for an additional year. The agreement also contained an option to purchase.

The parties concede that appellants properly exercised the option to renew the lease for an additional year. The appellants attempted to exercise the option to purchase by notice given to appellees' attorneys on March 30, 1977. The appellees contend that the option to purchase was not timely exercised according to its terms and the trial court agreed.

The language in dispute is as follows: "It is further agreed between the parties that at any time during the term of this lease, *or any extension hereof,* second party shall have the option to purchase all of said property covered by this lease agreement * * *. In the event party of the second part shall exercise its option to renew this lease, or to exercise its option to purchase the property covered herein, such option shall be made known to first party by written notice to first parties at least sixty (60) days prior to the expiration of the *current term* of this lease, or at any other time prior thereto." (Emphasis supplied.)

The appellants contend the court erred in granting partial summary judgment: (1) In failing to find that the contract provision relating to the exercise of the option to purchase was ambiguous and therefore not a proper subject for a motion for summary judgment; and (2) in construing the words *current term* to mean the first or initial year of the lease, limiting appellants' right to exercise the option to purchase to 60 days prior to February 28, 1977.

The appellees contend that the trial court correctly construed the words *current term* to mean the first

year of the lease and that no ambiguity existed in the paragraph granting the option.

The word "current" is defined in Black's Law Dictionary (4th Ed.), as "Running; now in transit; whatever is at present in course of passage; as 'the current month.' " The definition would seem to support the contention of appellees that the phrase "notice * * * prior to the expiration of the current term," meant exercise prior to 60 days before February 28, 1977. However, if this interpretation is adopted, the first sentence of the paragraph would be rendered meaningless, since the fair import of those words is to confirm the right to exercise an option to purchase "during the term of this lease, or any extension hereof."

Appellees urge us that in the interpretation of this contract, it ought to be construed most strictly against the drafters who, they assert, are the appellants. This fact, if it be one, is not shown in the bill of exceptions and cannot be considered by us.

"The general rule, supported by weight of authority, is that where a lease confers on the lessee an option to purchase the property at any time during the term of the lease, and the lease is thereafter extended in accordance with its terms, the option to purchase is also extended for the period of the extended term * * *." Shuford Development Co. v. Chrysler Corp., 449 F. 2d 429 (5th Cir., 1971). See, also, Klinger v. Peterson (Alas., 1971), 486 P. 2d 373; Slater v. Easter (Mass., 1975), 328 N. E. 2d 526. The parties here specifically provided for the option to continue to a renewal period of the lease. Such was the intent of the parties as is apparent from the instrument. The word "current," in the context of the document, must be taken to refer to the year of the lease in which the lessee exercises the option and not to limit the exercise to the first term of the lease.

As this court said in State v. Bartley, 39 Neb. 353, 58 N. W. 172: "The term 'current funds,' like many

other words in our language, is susceptible of more than one meaning * * * the sense in which it is used is to be gathered from the context. It is an elementary rule of construction that effect must be given, if possible, to every word, clause, and sentence * * *." In the construction we have adopted, the contract cannot be said to be ambiguous since the interpretation given appears to represent the true intention of the parties from the instrument itself. Master Laboratories, Inc. v. Chesnut, 157 Neb. 317, 59 N. W. 2d 571.

The granting of a partial summary judgment to the appellees was erroneous; the judgment is reversed and the cause remanded with directions to enter judgment for the appellants on their cross-petition.

REVERSED AND REMANDED.