DAVE COLE, APPELLANT, v. THOMAS F. HICKEY ET AL., APPELLEES.

340 N.W.2d 418

Filed November 18, 1983. No. 83-337.

Forrest F. Peetz of Peetz and Peetz, for appellant.

No appearance for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an action for specific performance of a contract to sell a tavern, and for damages incident to the failure to convey.

In a bifurcated trial, the trial court found that the appellant, Dave Cole, had failed to tender payment before November 1, 1982, the date specified in the contract, that time was of the essence, and that therefore appellant was not entitled to relief. This appeal followed.

Two errors are assigned. The trial court erred in (1) holding that the contract required the closing to be held on or before November 1, 1982, and (2) failing to find that the contract was orally modified before breach, thereby extending the time for closing until November 9, 1982. We reverse and remand for further proceedings not inconsistent with this opinion.

In view of our holding we will discuss only the second assignment of error.

An agreement for sale of the Elbow Room Bar in O'Neill, Nebraska, was executed September 18, 1982. A postdated check for a $500 downpayment was tendered by Cole, the buyer, and accepted by the

appellees-sellers, Shirley and Thomas Hickey. Interestingly, the check was dated November 15, 1982, well beyond the claimed closing date. Pursuant to the contract, Cole negotiated a lease with the owners of the real estate on which the tavern was located, the lease period to run from November 1, 1982, to November 1, 1983. On September 20, 1982, Cole purchased a money order to send with his liquor license application. On September 21, 1982, the Nebraska Liquor Control Commission acknowledged receipt of the application. On October 7, 1982, the O'Neill City Council, at its regular meeting, recommended to the commission that the license be issued. Thereafter, Cole, in anticipation of the purchase and with the permission of the Hickeys, made various improvements to the tavern.

On October 25, 1982, Cole was informed by the commission that the application would be considered at the next regular meeting of the commission on November 4, 1982, and that he could expect to receive the license on November 9, 1982. Cole spoke to Thomas Hickey on October 27, 1982, and confirmed an earlier conversation as to the procedure in the event the license was not received prior to November 1, 1982. Mr. Hickey stated that he would prefer to keep the tavern open from November 1, 1982, to November 9, 1982, as business was good at that time. To compensate the Hickeys for the $750 expense of a liquor license for only 9 days, Cole agreed to pay the entire November rent and also to make good the postdated $500 downpayment check so that the Hickeys would have money available to pay for the license. Mr. Hickey later inquired of the city clerk about the possibility of acquiring a liquor license, the cost of which could be prorated to November 9, 1982. He was told this was not possible. Cole paid the rent of $225 due November 1, 1982, and deposited $500 to his account to cover the downpayment check. On November 8, 1982, Cole picked up

bar stools from the tavern and transported them to Yankton, South Dakota, for repair.

On November 9, 1982, Cole's liquor license was received by the city clerk of O'Neill. In order for Cole to receive the license it was necessary to surrender the Hickey license and pay a $750 license fee.

At approximately 10 a.m. on November 9, 1982, Cole spoke to Shirley Hickey. She told Cole she was not going along with the contract. That afternoon Cole met with both Shirley and Thomas Hickey. Cole offered to write a check for the balance of the purchase price if the Hickeys would close the transaction. Mr. Hickey refused. Thereafter, on November 10, 1982, Hickey tendered back a check for the November rent of $225 and the uncashed downpayment check. Cole formally tendered, through his attorney, the balance due on the contract of sale.

We review equitable matters de novo in this court. *Spilinek v. Spilinek*, 215 Neb. 35, 337 N.W.2d 122 (1983).

Thomas Hickey's deposition, which Cole introduced in part as evidence at trial, confirmed the October 27, 1982, discussion with Cole; admitted that the contract closing was extended, but only until November 8, 1982; and admitted the conversation with the city clerk, requesting a liquor license for the first 9 days in November. Thomas Hickey had knowledge and acquiesced to the work performed by Cole at the tavern before and after November 1, 1982. Mr. Hickey, on cross-examination, admitted his failure to tender back the downpayment check or to refund the rent until November 10, 1982.

It is obvious from the record that the delay in closing was due entirely to the administrative process of securing the liquor license itself and that Cole was diligent in attempting to secure the license. It is further obvious that the parties agreed, as Cole urges, that the closing would be postponed until the new license was issued. Inferable from the record

is the conclusion that Shirley Hickey simply changed her mind about selling the tavern.

We held in *Pearce v. ELIC Corp.*, 213 Neb. 193, 201, 329 N.W.2d 74, 79 (1982), that "[a] written executory contract may be modified by the parties thereto at any time after its execution and before a breach has occurred, without any new consideration; and the terms of a written executory contract may be changed by a subsequent parol agreement before a breach thereof."

Because of the Hickeys' unqualified renunciation on November 9, 1982, of the executory contract, before Cole's time for performance, we need not decide the issue of whether Cole's offer to close was sufficient tender. See *Friehe Farms, Inc. v. Haberman*, 191 Neb. 292, 214 N.W.2d 916 (1974).

Appellant Cole was clearly entitled to a decree of specific performance and to a hearing on any damages caused by the failure of appellees, Thomas and Shirley Hickey, to convey.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.