SCHRAM ENTERPRISES, INC., A NEBRASKA CORPORATION, APPELLANT,
V. L & H PROPERTIES, INC., A NEBRASKA CORPORATION, APPELLEE.
578 N.W. 2d 865

Filed May 29, 1998.    No. S-96-1284.

John A. Svoboda, of Gross & Welch, P.C., for appellant.

William G. Blake and, on brief, John F. Steinheider, of Hoch & Steinheider, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WHITE, C.J.

This is an appeal from the Otoe County District Court's dismissal of the equity action of appellant, Schram Enterprises, Inc., to quiet title to a strip of real estate subject to the easement of appellee, L & H Properties, Inc. Appellant filed an appeal, and we removed this case to our docket pursuant to our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). We affirm.

Appellant owns approximately three-fourths of Section 10, Township 8 North, Range 13 East of the 6th P.M., in Otoe County, Nebraska (Schram property). For visualization purposes, the Schram property can best be described as the north half and southeast quarter of Section 10. Appellee owns a tract of land located approximately in the middle of Section 10 (L & H property). Appellee also has an easement (subject tract), described as

> [b]eginning at the center of Section 10; thence South 02°54'23" East along the West line of the SE¼ to the S¼

corner; thence Easterly along the South line of said Section 10 for a distance of 150.00 feet; thence Northerly at right angles to the North right-of-way line of State Highway No. 2; thence North 47°54'23" West for a distance of 70.70 feet; thence North 02°54'23" West parallel to the said West line of the SE¼ to the North line of the SE¼ of Section 10; thence South 88°11'06" West along the said North line of the SE¼ to the center of Section 10, said point also being the point of beginning, containing 6.13 acres, more or less.

The subject tract extends from the L & H property, along the western edge of the southeast quarter of Section 10 (Schram property), to the southern border of Section 10, at Old Highway 2. See appendix.

On March 1, 1960, Louis W. Rodenbrock, Ora A. Beausang, and Thomas E. Beausang transferred, by deed, 15.27 acres of real estate to the United States of America, and Ora Beausang and Thomas E. Beausang transferred, by deed, 4.25 acres of real estate to the United States of America. These two parcels of land were utilized by the United States as a missile base and currently compose the L & H property. In addition, Edward J. W. Reese conveyed, by written instrument, a "perpetual and assignable exclusive easement and right-of-way in, upon, over and across the [subject tract] in the County of Otoe, State of Nebraska," to the United States of America for the purpose of "locat[ing], construct[ing], operat[ing], maintain[ing] and repair[ing] a roadway in, upon, over and across the [subject tract]."

On October 28, 1994, the Nebraska Department of Roads, for the purpose of constructing a new state Highway 2, condemned a portion of the Schram property (including the north 474 feet of the subject tract) and the southern portion of the L & H property. This condemned strip of real estate essentially divides Section 10 into northern and southern halves. The new Highway 2, a controlled access highway, removes appellee's ability to utilize the subject tract as an access route to the L & H property. As part of the condemnation action, the state also condemned an additional strip of the Schram property in order to provide a new access route to the L & H property.

Subsequently, appellant filed an action to quiet title to that portion of the subject tract which has not been condemned by

the state. Appellant asserts that (1) an easement created for a roadway is created for the particular purpose of ingress and egress, (2) the particular purpose of appellee's roadway easement ceased to exist when the subject tract no longer served as an access route to the L & H property, and (3) appellee's easement should be extinguished and all right and title to the subject tract should be quieted in appellant.

The district court determined that the easement had not been granted for the particular purpose of ingress and egress and that therefore, the purpose of the easement did not cease to exist when the Nebraska Department of Roads condemned a tract of property which effectively terminated appellee's ability to use his easement as an access route to his property but gave appellee an alternative access route to the L & H property. Since the purpose of the easement did not cease to exist, the district court concluded that appellee's easement should not be extinguished. This appeal followed.

Appellant asserts the trial court erred in (1) finding that the easement was not created for the purpose of providing ingress and egress to appellee's property; (2) finding that the easement was not tied to appellee's ability to access its property; (3) finding that the purpose for which the easement was created continued to exist after the October 28, 1994, condemnation action by the state; and (4) failing to grant appellant's prayer that the title to the land over which the easement was granted be quieted in appellant.

The construction of language in an easement deed is a question of law. *Fine Line, Inc. v. Blake*, 677 A.2d 1061 (Me. 1996). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Brams Ltd. v. Elf Enters.*, 253 Neb. 932, 573 N.W.2d 139 (1998); *Mandolfo v. Chudy*, 253 Neb. 927, 573 N.W.2d 135 (1998); *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998); *Johnson v. School Dist. of Millard*, 253 Neb. 634, 573 N.W.2d 116 (1998).

An action to quiet title sounds in equity. *Gustin v. Scheele*, 250 Neb. 269, 549 N.W.2d 135 (1996). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of

the trial court, provided, however, that where credible evidence is in conflict on a material issue of fact an appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *University Place-Lincoln Assocs. v. Nelsen*, 247 Neb. 761, 530 N.W.2d 241 (1995).

We must first consider whether the easement in the subject tract was conveyed for the particular purpose of ingress and egress.

The extent of an easement created by a conveyance is fixed by the conveyance. *County of Sarpy v. Iske*, 189 Neb. 621, 204 N.W.2d 146 (1973). In the absence of any evidence to the contrary, the terms of an easement must be given their plain and ordinary meaning, as an ordinary, average, and reasonable person would understand those terms. *University Place-Lincoln Assocs. v. Nelsen, supra.* If the language of an easement is clear and unambiguous, it may not be varied by parol evidence. *Nebraska Public Power Dist. v. Munderloh*, 225 Neb. 205, 403 N.W.2d 374 (1987).

In coming to the conclusion that appellee's easement is for the particular purpose of ingress and egress, appellant argues that we should focus on the circumstances surrounding the initial conveyance of this easement. In response, appellee asserts that we should focus on the terms of the conveyance. As stated above, the express terms of the conveyance govern our initial inquiry. The express language of the grant neither places a limitation of ingress or egress upon the easement, nor ties the easement to the ability to use the subject tract as an access route to the L & H property. The terms of the grant are very clear. Appellee has an easement in the subject tract for the purpose of locating, constructing, operating, maintaining, and repairing a roadway.

A roadway is the strip of land through which a road is constructed and which is physically altered, or the specific part of a road over which vehicular traffic travels. Webster's Third New International Dictionary 1963 (1993). See, *Lake Garda Improvement Assn. v. Battistoni*, 160 Conn. 503, 280 A.2d 877 (1971); *Shachunazarian v. Widmer*, 159 Cal. App. 2d 180, 323 P.2d 865 (1958); *Franck Bros., Inc. v. Rose*, 301 S.W.2d 806 (Mo. 1957). Appellant has not directed the court to, nor has our

own research revealed, any case law which specifically states that an easement created for roadway purposes is created for the particular purpose of ingress and egress. The plain and ordinary meaning of the term "roadway" requires only that the subject tract be utilized as a strip of land through which a road is constructed and which is physically altered, or be the specific part of a road over which vehicular traffic travels.

The district court was correct in refusing to extinguish appellee's easement in the subject tract and quiet title in appellant, since the express terms of appellee's easement neither create the condition that the subject tract be utilized for the particular purpose of ingress and egress to the L & H property, nor tie the easement to the ability to access appellee's property.

Due to the foregoing, it is unnecessary to determine whether those purposes asserted by appellant have ceased to exist. Appellee's easement shall continue for its stated purpose. We affirm.

AFFIRMED.