IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

GEISER CONSTR. V. NICKMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GEISER CONSTRUCTION, INC., ET AL., APPELLANTS,

V.

LAWRENCE L. NICKMAN AND SHEILA R. NICKMAN, TRUSTEES OF THE LAWRENCE L. NICKMAN REVOCABLE TRUST, AND LAWRENCE L. NICKMAN AND SHEILA R. NICKMAN, TRUSTEES OF THE SHEILA R. NICKMAN REVOCABLE TRUST, APPELLEES.

Filed March 10, 2015.    No. A-14-395.

Appeal from the District Court for Buffalo County: JOHN P. ICENOGLE, Judge. Affirmed.

Larry W. Beucke, of Parker, Grossart, Bahensky, Beucke & Bowman, L.L.P., for appellants.

Theresa D. Koller and Adam W. Barney, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellees.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

IRWIN, Judge.

### I. INTRODUCTION

This appeal follows a summary judgment ruling that an easement existed for ingress and egress on a privately owned road. We affirm because we conclude there exists no genuine issue of material fact that the language in the deed in question along with the relevant and surrounding circumstances created an express easement of rights of ingress and egress over the roadway.

- 1 -

## II. BACKGROUND

For simplicity, appellant, Geiser Construction, Inc. will be referred to as "Geiser;" appellant, M.J. and Janis Shultz will be referred to as "Shultz;" and appellees will be referred to as "Nickman."

Based on our review of the record, the undisputed facts are as follows. Prior to December 1999, Nickman owned a tract of land in Buffalo County. Nebraska Highway 10 runs along the east side of the tract. Nickman had access to the highway from the northern part of the tract, but flooding issues existed in that part of the tract that limited access to Highway 10, at times.

In December 1999, Nickman conveyed to Shultz a parcel of the tract mentioned above, lying in the southwest corner of the tract. That parcel is referred to as Lot 2 (we will refer to the northern portion of the tract retained by Nickman as Lot 1.) Because Lot 2 was without access to Highway 10, Nickman had built a road from Lot 2, eastward to Highway 10. This road crossed the southern portion of the tract that was retained by Nickman. The deed from Nickman to Shultz conveyed Lot 2 "TOGETHER WITH rights of ingress and egress over and across" the road. The purpose of this language was to give Shultz the right to travel over Nickman's road to reach the highway.

At the time Nickman built the road, Nickman had installed a culvert to allow Nickman access to the road from the north part of the tract. The sole purpose of the culvert was to provide access to the highway from the northern part of the tract via the road. At least until July 2002, Nickman accessed and used the road from the northern part of the tract by passing over the culvert. Nickman also provided some of the maintenance for the road until at least July 2002.

In July 2002, Nickman conveyed to Geiser Lots 3, 4, 5, and 6 which lie in numerical order to the east of Lot 2. The road runs the length of Lots 3, 4, 5, and 6 and was included in the conveyances. The Geiser deeds related to Lots 3, 4, 5, and 6, provided in relevant part, that the conveyances were "SUBJECT TO HOWEVER AND TOGETHER WITH rights of ingress and egress over and across" the road.

Geiser later conveyed Lots 4 and 6 to Dennis L. Conner and Lot 5 to Sweetwater Properties, LLC (Sweetwater). These deeds included the above language in the Geiser deeds, "SUBJECT TO HOWEVER AND TOGETHER WITH rights of ingress and egress over and across" the road. Nickman's remaining part of the tract is referred to as Lot 1.

In 2011, Geiser, Shultz, Conner, and Sweetwater filed a lawsuit against Nickman in which they sought a declaratory judgment that Nickman had no legal right to access the road and a permanent injunction enjoining Nickman from entering their property and using the road. Nickman filed a counterclaim seeking a declaratory judgment that it had either expressly reserved a right to use the road or retained an implied easement from former use. Nickman also sought a permanent injunction and relief based on Geiser's tortious interference with Nickman's contractual relationship with a third party who wanted to purchase Lot 1.

Geiser moved for summary judgment on the declaratory judgment claim. In response, Nickman moved for summary judgment as well.

Following a hearing, the district court for Buffalo County granted Nickman's request for summary judgment and denied Geiser's motion for summary judgment. The court concluded the language in the Geiser deeds, which was also then included in the Conner and Sweetwater deeds,

created an express easement giving Nickman a right to utilize the road for egress and ingress. In the alternative, the court also concluded the evidence established an implied easement by former use. Following the dismissal of Nickman's tortious interference counterclaim, Geiser appealed.

## III. ASSIGNMENTS OF ERROR

Geiser asserts the district court erred in concluding as a matter of law that (1) Nickman expressly reserved an easement to use the road based on the language in the deeds and (2) Nickman had an implied easement.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Daniels v. Maldonado-Morin*, 288 Neb. 240, 847 N.W.2d 79 (2014).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

The construction of language in a deed is a question of law. *Schram Enterprises, Inc. v. L & H Properties, Inc.*, 254 Neb. 717, 578 N.W.2d 865 (1998). To the extent that dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion regardless of the decision of the court below. *Benitez v. Rasmussen*, 261 Neb. 806, 626 N.W.2d 209 (2001).

### 2. EASEMENTS

The resolution of this appeal turns on the meaning of the disputed language in the Geiser deeds. If unambiguous, the construction of the disputed language was a question of law properly determined on summary judgment. See *Schram Enterprises, Inc., supra*. Both parties argued summary judgment was appropriate. However, Geiser argued the language preserved an easement in Shultz, but reserved no easement to Nickman. Nickman argued the only reasonable interpretation of the deed was that the language in question retained an easement in favor of Shultz and reserved an easement for Nickman.

An easement is an interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose. *Feloney v. Baye*, 283 Neb. 972, 815 N.W.2d 160 (2012). The extent of an easement created by a conveyance is fixed by the conveyance. The meaning thereof is to be found in its language construed in light of relevant and surrounding circumstances. *Harders v. Odvody*, 261 Neb. 887, 626 N.W.2d 568 (2001). The terms of an easement must be given their plain and ordinary meaning, as an ordinary, average, and reasonable person would understand those terms. *Schram Enterprises, Inc., supra.*

Nebraska case law provides a grantor of property may reserve or except a part of his or her existing rights to that property. The language used need not be precise terms of art but is

sufficient if written in language that makes it clear to someone aware of the existence of the interest retained what the effect is. See *Schaffert v. Hartman*, 203 Neb. 271, 278 N.W.2d 343 (1979), *disapproved on other grounds*, *Anderson v. Service Merchandise Co., Inc.*, 240 Neb. 873, 485 N.W.2d170 (1992); *Bors v. McGowan*, 159 Neb. 790, 68 N.W.2d 596 (1955); *Elrod v. Heirs, Devisees, etc.*, 156 Neb. 269, 55 N.W.2d 673 (1952).

The Supreme Court has stated:

The owner of land who is conveying corporeal interests may retain part of his corporeal interests as incorporeal interests. By his own act, he changes the nature of his interest at the same time that he retains them. Accordingly, technical words of creation are unnecessary in the creation of easements of this character.

*Bors v. McGowan*, 159 Neb. at 801-02, 68 N.W.2d at 603-04 *quoting* Restatement, Property, § 473, comment a, p. 2971.

In *Elrod v. Heirs, Devisees, etc., supra*, the Court also held the use of particular words was not required when a grantor was retaining an interest in a property and was excluding that interest from a conveyance. While it stated the terms could be used interchangeably, the Court explained the meaning of exception and reservation when used in a conveyance. *Id*. "The effect of an exception is to exclude from the operation of the conveyance the interest specified and it remains in the conveyor unaffected by the conveyance." 156 Neb. at 273, 55 N.W.2d at 675. A reservation is something taken back out of that which is demised. It is the creation by the grantor of a new right in the grantor from the subject of the conveyance and is something that did not exist as an independent right before the grant was made. *Id*.

In *Schaffert v. Hartman*, *supra*, the Court explained a grantor makes an exception or reservation for one or both of two reasons. He either excepts because he does not own a particular interest in the property being conveyed or because he wants to retain some interest in the property. The Court held that although the conveyance may not use one or both of the terms precisely, it can nevertheless be plain and unambiguous and reserve the grantor's interest. All that is necessary is that the terms used make clear what is being accomplished. 203 Neb. at 277.

Based on our review of the undisputed facts in the record, the following circumstances existed at the time of Nickman's conveyance of Lots 3, 4, 5, and 6. At that time, the road existed and ran the length of Lots 3, 4, 5, and 6. The culvert also existed and served no purpose other than access to the road from the part of the property referred to as Lot 1, which was owned by Nickman. Over the culvert ran a road that connected Lot 1 to the disputed road. At that time, Lot 2, which was already owned by Shultz, also had a driveway that connected to the road. The road across Lots 3, 4, 5, and 6 provided access for both Lots 1 and 2 to highway 10.

In addition, at the time of the conveyance to Geiser, the Shultz deed was recorded. The Shultz deed created the Shultz' right to use of the road and conveyed Lot 2 "TOGETHER WITH" rights over and across the road. The parties do not dispute the Shultz deed created an easement for egress and ingress on and across the road in Shultz.

Plainly and unambiguously, the deed to Geiser included additional language that was not in the Shultz deed. The Geiser deeds state each conveyance is "SUBJECT TO HOWEVER AND TOGETHER WITH rights of ingress and egress over and across" the road. It is an elementary rule of construction that effect must be given, if possible, to every word, clause, and sentence.

*Kraski v. Banwell*, 200 Neb. 279, 263 N.W.2d 458 (1978) (internal quotes omitted). Accord *Elrod, supra*. When this additional language in the Geiser deeds along with the relevant and surrounding circumstances is considered, there is no ambiguity as to the meaning of the disputed language. It excepted, or preserved, the easement for use of the road in Shultz's favor and reserved an easement for use of the road in Nickman. As did the grantor in *Schaffert, supra*, Nickman when conveying Lots 3, 4, 5, and 6 to Geiser both excepted from the conveyance the easement interest in the road already held by Shultz, and reserved an easement interest in the road for themselves. As a matter of law, the language in the Geiser and Shultz deeds as well as the relevant and surrounding circumstances at the time of the conveyance require this construction of the disputed language in the Geiser deeds.

## V. CONCLUSION

Therefore, we conclude an express easement was created in favor of Nickman as a matter of law. Upon application of law, there is no ambiguity in the language in the Geiser deeds. The district court properly granted summary judgment in favor of Nickman and against Geiser, Conner, and Sweetwater. Given our resolution of this issue, we need not address whether Nickman also possessed an implied easement by former use. We affirm the district court's granting summary judgment in favor of Nickman and against Geiser.

AFFIRMED.